JANUARY TERM, 1860. 503

Noyes v. True et al. Same v. Same.

EBENEZER NOYES, Plaintiff in Error, *v.* JAMES M. TRUE *et al.,* Defendants in Error.

THE SAME *v.* THE SAME.

ERROR TO COLES.

The court will not grant relief in equity except upon a strong case against a forced sale of land, where rights have been acquired under the sale, and where complainant has rested an unreasonable time without an effort to obtain relief, or to correct the fault.

That property has not sold for the value that the neighbors of the owner might fix upon it, is not a sufficient reason for setting aside a sale.

THIS is a bill exhibited by Noyes on the chancery side of the Coles Circuit Court, praying a decree rescinding a sale of lands made under execution, by John R. Jeffries, sheriff of Coles county, for the reason that said sale was irregularly and illegally made, to the prejudice of complainant, as shown by return of officer, etc.

The defendants answered, denying the allegations of the bill.

The decree of the court dissolved the injunction, and dismissed complainant's bill.

The assignment of errors complains of the refusal of the relief prayed, and the dismissal of complainant's bill at his costs.

B. S. EDWARDS, and C. H. CONSTABLE, for Plaintiff in Error.

O. B. FICKLIN, for Defendants in Error.

WALKER, J. Had this application been made at an earlier period, it might have been entitled to more consideration. But the appellant failed for the entire year to apply to the Circuit Court by motion to set aside the sale. Equitable relief may be afforded in that mode, by timely application to the court from which the execution issued, when rights of third persons have not inter-

vened. And there is nothing appearing in the evidence in this case, from which it appears that he might not have made his application, at either of the terms of the Circuit Court which intervened after the sale was made, and before the redemption expired. Where the party has manifested such apathy and indifference to his rights, as to delay all proceedings for that period, it has more the appearance of a desire to procure delay, than to relieve himself from injustice and oppression. Whilst it may not be grounds for denying equitable relief, where the party has omitted to apply by motion to have irregularities of this character corrected, until the time for redemption has expired, still it will require a much stronger case to authorize the court to grant the relief, than when the application is made at the earliest period in his power. Where the application comes so late, it should be satisfactorily shown that the party was prevented from making his application at an earlier period, before a court will grant the relief. But in this case no excuse is proven to have existed. And we cannot perceive, from the evidence, that there has been any fraud committed on the rights of the appellant. That the lands may have been sold for less than their value, may be true, but such property seldom, if ever, does sell for all that it is supposed to be worth, under an execution. But it never has been held, that the creditor must be delayed in the collection of his money until the property of his debtor will sell for the price his neighbors may fix upon it, or until it can be sold for as much as might be obtained for it at private sale under favorable circumstances. To hold such a doctrine, would well nigh suspend all collections of money under execution sales.

The decree of the court below is affirmed.

*Decree affirmed.*

E. Noyes
*vs.*
J. M. True *et al.*

WALKER, J. The record in this case presents the same questions which were discussed and determined, at the present term, in a case between the same parties. We therefore deem it unnecessary again to discuss them here.

The decree of the court below must be affirmed.

*Decree affirmed.*