## Edward Prather *et al.*

### *v.*

## R. B. Hill *et al.*

1. Sale of land — *after unreasonable delay, motion to set aside will not be allowed.* A sale of land *en masse*, will not be disturbed after an unreasonable delay to file a bill, or to move the court to set aside the sale.

2. Same — *party moving to set aside sale must show he has been injured.* Nor in any such case will the sale be set aside, unless it be shown, the party complaining has been injured thereby, or has been the victim of fraudulent practices in the sale.

3. Same. Before filing a bill in chancery to set aside such sale, application should be first made to the court awarding the execution, to vacate the sale.

Agreed case from the Circuit Court of Greene county; the Hon. D. M. Woodson, Judge, presiding.

The following are the agreed facts in this cause:

Edward Prather and John Prather filed their bill in chancery in the Circuit Court of Greene county, at the April term, 1863, thereof, stating in said bill that the following described lands, a portion the property of Edward Prather and a portion the property of John Prather, to wit: S. W. $\frac{1}{4}$ N. W. $\frac{1}{4}$ Section 21, Town. 12, Range 10 west; W. $\frac{1}{2}$ N. E. $\frac{1}{4}$ Section 6, Town. 11, Range 10 west; S. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ Section 6, Town. 11, Range 10 west; S. W. $\frac{1}{4}$ S. E. $\frac{1}{4}$ Section 36, Town. 12, Range 11 west; were levied upon under execution No. 6645, in favor of R. B. Hill, and against Edward and John Prather. The bill alleges that said lands were sold in a body without regard to subdivisions. Hill became the purchaser, and afterwards, on 10th day of September, 1861, transferred his certificate to George Burnett, who, on the 16th day of December, 1862, obtained a sheriff's deed for said tracts of land. It prays that the sale may be set aside, or they be permitted to redeem from the sale.

Barnett and Hill answer, not on oath, (which is waived in bill), denying that the lands were sold in a body, but insisting that claimants have slept on their rights, if any they had, and

that they have lost their remedy, if any they had, by delay; deny that there is equity in the bill.

Which was replied to.

The certificate of sale states, generally, that land was sold and realized amount of judgment, but says nothing in regard to how each tract was sold.

Execution, dated November 3, 1860, levied on these lands, recites their sale, but does not specify how the tracts were sold, and states only the gross amount made by the sale.

This was all the proof. The Circuit Court, on hearing the cause, dismissed the bill.

The time of sale under execution, was in the lifetime of execution, dated November 3, 1860. The bill was filed 14th November, 1863, and dismissed, April term, 1864.

The plaintiffs in error excepted at the time to the ruling of the court in dismissing the bill, and assign for error the following, to wit:

1. The court erred in refusing to set aside the sale under the execution.

2. The court erred in dismissing complainants' bill.

Mr. James W. English, for the Plaintiffs in Error.

Mr. Charles D. Hodges, for the Defendants in Error.

Mr. Justice Breese delivered the opinion of the Court:

This was a bill in chancery to set aside a sale by the sheriff, of certain lands sold on execution, or to permit a redemption of the same, on the sole ground that the lands were sold *en masse.* A portion of the lands was the property of one of the complainants and another portion the property of the other complainant, and the judgment and execution were against them jointly.

The execution was issued and levied on the lands on the the third of November, 1860, and the sale made in its lifetime. The plaintiff in the execution, Hill, became the purchaser,

and afterwards, on the tenth of September, 1861, transferred the certificate of purchase to the other defendant, Barnett. Barnett obtained a deed from the sheriff on the sixteenth of December, 1862, for the lands.

The defendants in their answer, deny that the lands were sold in one body, and insist that complainants have slept on their rights, if they had any, and have lost their remedy, if any they had, by delay; and deny all equity.

A replication was filed and proof taken, the amount of which was, that the certificate of sale states, generally, that the land was sold and fetched the amount of the judgment, but is silent as to the form in which it was sold. The execution was also produced in evidence, showing the levy on the lands, their sale, and the gross amount thereof. The bill was filed on the four-teenth November, 1863. The court, on the hearing, dismissed the bill, and that is the error assigned.

We fail to perceive any equity in this bill. It was open to a demurrer on that account. All the facts may be admitted, without raising any equity whatever, in favor of the complain-ants. They do not allege, they, or either of them, have been injured by selling the lands *en masse*, or that they would have brought a greater sum by selling them in separate tracts. Nor do they allege, they, or either of them, ever attempted to redeem the lands from the sale, and that a separate redemption could not be made by reason of selling *en masse*. Had one of the complainants attempted to redeem his portion of the lands at the proper time, and been unable to do it, for the reason the amount for which each tract was sold was not specified and returned, then would have been the time to make application to the court to set aside the sale. Nor do they allege any fraud.

This court has held, that it is only on the ground of fraud, or that some one may have been prejudiced by a sale of lands *en masse*, that the sale will be set aside in equity, because it was not sold in separate parcels. *Ross* v. *Mead et al.*, 5 Gilm. 173. To the same effect is *Gillespie* v. *Smith et al.*, 29 Ill. 481.

Nothing of this kind is alleged or shown in this case. No

fraud, no inadequacy of price, no prejudice to any one, is shown.

But there is another reason why the complainants should not have the relief they seek.

The complainants made no application to the court to which the execution was returnable, to set aside the sale, and did not file their bill for relief for near three years after the sale, at which time rights had been acquired to these lands by a stranger to the proceedings.

This court held, in the case of *Noyes* v. *True*, 23 Ill. 503, that relief would not be granted in equity, except upon a strong case, against a forced sale of land, where rights have been acquired under the sale, and where complainant has rested an unreasonable time without an effort to obtain relief, or to correct the fault.

In this case, the party complaining had suffered one year to elapse before he filed his bill, and we said, where a party has manifested such apathy and indifference to his rights, as to delay all proceedings for that period, it has more the appearance of a device to procure delay than to relieve himself from injustice and oppression.

Where an application comes so late as the present one for relief, it should be satisfactorily shown that the party was prevented from making his application at an earlier period, before a court will grant relief. In this case no reason is shown for the extraordinary delay.

It is urged by the appellant's counsel, that there is no statute of limitation in such cases, nor are there any reasons why such a bill should not be filed, as other suits are brought, within five or seven years. Reference is made to *Graham* v. *Day*, 4 Gilm. 389, *Cowan* v. *Underwood*, 16 Ill. 22, and *Stoker* v. *Greenup*, 18 Ill. 27. The case of *Cowan* v. *Underwood*, shows that the smallest of the lots sold, was of greater value than the amount bid for both lots, and .the plaintiff was the purchaser and held the sheriff's deed. In the case of *Stoker* v. *Greenup*, a quarter section of land was sold for ten dollars, the plaintiff in the execution being present at the sale, decrying the

defendant's title, which he finally obtained himself. In the case of *Graham* v. *Day*, the delay in making the application for relief was satisfactorily accounted for.

It may be, real estate has greatly appreciated in the county where these lands are situate, and what might have been their real value when sold, and for one year thereafter, was far below their value when the bill was filed.

Perceiving no error in the decree of the Circuit Court, the same is affirmed.

*Decree affirmed.*