THE RACINE & MISSISSIPPI RAILROAD COMPANY

*v.*

THE FARMERS' LOAN AND TRUST COMPANY *et al.*

1. DECREE — *of this court construed.* Where a decree of foreclosure and sale, on appeal to this court, was modified so as to authorize the taking of an account, and afterwards the opinion was modified so as to authorize the mortgagor to move the court below to set aside the sale, this court stating that for this purpose the court below might regard the original decree as reversed, it was *held,* that the original decree was not in fact reversed, so far as ordering the sale was concerned, and that the order of this court did not vacate the sale or require the court below to set it aside.

2. JUDICIAL SALE — *waiver of right to have the same set aside.* Where this court modified a decree of foreclosure in respect of railroad property, giving the mortgagor the right to have an account taken against the party in possession of the road up to the date of the master's deed, or up to the time of the rendition of a new decree in case the sale was set aside, and giving the mortgagor leave to move the court below to vacate the sale, and the mortgagor came into court and requested it not to set aside the sale, but to have an account stated up to the time the master made the deed, it was *held,* that this action was a waiver of the right to afterwards insist upon a motion to vacate the sale.

3. LACHES — *setting aside sale under foreclosure* Where a party whose real estate has been sold under a decree of foreclosure does not invoke the aid of the court to set the sale aside for nearly two years after he has full knowledge of his rights, he will have lost his right to insist upon having such sale vacated for mere irregularities, especially where the property has passed to an innocent purchaser.

WRIT OF ERROR to the Circuit Court of Stephenson County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. LYMAN E. DE WOLF, Mr. J. H. KNOWLTON, and Mr. C. B. LAWRENCE, for the plaintiff in error.

Messrs. BARTON & BARNUM and Mr. H. T. FULLER, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by the Farmers' Loan and Trust Company on December 31, 1864, to foreclose a mortgage executed by the Racine and Mississippi Railroad Company to secure the payment of 680 bonds of $1,000 each. On the original hearing in the circuit court a decree was rendered directing a sale of the road, upon certain conditions, in satisfaction of the mortgage indebtedness, to reverse which the record was brought to this court, and at the September term, 1868, a decision was rendered, which is reported in 49 Ill. 331, in which the facts of the case are fully stated. Numerous objections were urged to the decree of the circuit court when the cause was here before, but the decree was, in the main, sustained. After an elaborate discussion of the questions involved, it was said: " There is, however, one error assigned, for which the cause must be remanded. We have already stated, the circuit court found that the Northern Illinois Railroad had been built by Thompson with money furnished for that purpose by these bondholders while he and they occupied a trust relation to plaintiff in error, and that this was done in violation of the trust and to the injury of plaintiff in error. The court thereupon decreed that the plaintiff in error was entitled to a credit upon its bonds for the net profits of this road, and directed that an account be stated by the master, provided the plaintiff in error redeem from the sale to Thompson under the second mortgage within ninety days, but that no account should be taken in case the redemption was not made. The directions in the decree as to the mode in which the account should be stated were consented to by counsel for plaintiff in error, as appears by the face of the

decree, and we have not, therefore, examined the questions made upon that portion of the decree. But that was no consent that the taking of the account should be made to depend on redemption from the sale to Thompson within ninety days, and in this provision of the decree we think there was error.   *   *   *   The court should have directed the account to be taken to the time when Thompson obtained his title, and from that date to the taking of the account. The profits during the first period should have been applied as directed in the decree, independently of redemption from the sale to Thompson, and those of the second should be made to depend upon redemption, but a reasonable time should be given to redeem after their ascertainment. The cause will be remanded, with directions to the court to modify its former decree in conformity with this opinion."

It will be observed that the decree of foreclosure was rendered on January 5, 1867, after the cause had been brought to this court, and on May 23, 1867, the master in chancery sold the premises under the decree, and H. T. Fuller became the purchaser for the sum of $1,000,000, and received a certificate of purchase. At the following August term of the circuit court the sale was confirmed. Subsequently Fuller assigned the certificate of purchase to the Western Union Railroad Company, and on August 25, 1868, the master in chancery executed and delivered to the company a deed of the mortgaged premises. After the cause had been decided by this court, and the opinion filed, the defendants in the case presented a further record to the court, showing that the road had been sold under the decree of the circuit court, and asked that the circuit court be directed to set the sale aside. This was resisted and denied, the court holding that the motion must be made and decided in the circuit court, where the evidence could be heard, and, after the circuit court had passed upon the motion, either party could bring the decision before this court for review. The court, however, on motion, modified the opinion previously rendered, so that the account against the Northern

Illinois Railroad Company should only be taken to the time Thompson obtained his title, and as to the account against the Farmers' Loan and Trust Company, the court said: "We are of opinion the plaintiff in error has a right to have the account stated before effecting a redemption from Thompson; and whether it shall be brought down to the time of stating the account, or shall stop at the date of the *master's deed* under *this decree*, will of course depend upon whether the court shall set said sale aside." See *Racine & Mississippi R. R. Co.* v. *Farmers' Loan and Trust Co.* 49 Ill. 331.

It will thus be observed that, under the decision rendered, when the cause was remanded the defendants had the right, if they so desired, to enter a motion to set aside the sale and master's deed, and for that object the circuit court, in passing upon the motion, as is stated in the opinion, might regard the decree as reversed; that an account should be had against the Northern Illinois Railroad Company to the date of the original decree in the circuit court; that the Farmers' Loan and Trust Company might be required to account as mortgagees in possession for the profits by it received as earnings of the road from the date of the decree in the circuit court to the date of the masters' deed made under the decree and sale, in case the sale should not be set aside; but in the event the sale should be set aside, then up to the date of a new decree.

The *remittitur* was filed in the circuit court, March 25, 1870. No steps were then, however, taken to set the sale aside, but on October 1, 1870, the defendants entered a motion in court that an account should be taken up to the date of the master's deed. On this motion the court referred the cause to the master, with an order directing a statement of the account against the Northern Illinois Railroad, and against the Farmers' Loan and Trust Company, in conformity to the decision which this court had rendered in the cause. Under this order the master proceeded to take the testimony, and on June 24, 1872, filed his report.

No steps were, however, taken to set aside the sale until September 6, 1871, when a petition was filed for that purpose. An answer was put in to this petition, in which, among other things, it is set up that the Western Union Railroad Company had paid the bid of $1,000,000 made by Fuller on the purchase of the road, and under its deed, dated September 25, 1868, it has from the date thereof been in full possession of the property. Under the petition and answer evidence was heard, and the court refused to set the sale aside. Exceptions were filed to the master's report, which the court overruled, approved the report, and rendered a decree in conformity thereto.

From this view we take of the record, it will not be necessary to consider the exceptions to the master's report. Indeed, that is not denied by plaintiff in error, unless the sale should be set aside, as counsel say in their argument: " If the sale is not set aside, or if the plaintiff in error is not allowed to redeem the property thus sold, then the report and acts of the master are wholly immaterial to it." We will, then, proceed to the consideration of the real controverted question, whether the court erred in refusing to set aside the sale and master's deed.

. In the first place, it might be remarked that the modification made by this court of the original decree of the circuit court did not necessarily require the sale to be vacated. The sale could stand in full force, and at the same time the circuit court might proceed to a final disposition of the case in conformity to the views of the court as expressed in the opinion. It is true, it was said, in the decision, the circuit court, in considering the motion to vacate the sale, might regard the decree reversed; but that language was, no doubt, used in order that the circuit court might act with freedom on the question, and not be embarrassed on account of the fact that the decree was modified and not reversed.

But aside from this question there are other considerations, which, in our judgment, are conclusive of the point

raised. In the decision of the cause, plaintiff in error was told in plain and emphatic language that whether the accounting should be had to the date of the master's deed, or up to the time a new decree should be rendered, would depend upon whether the sale should be set aside. The only logical inference from this was that plaintiff in error could elect to let the sale stand and have the account stated up to the master's deed, or take the other course, and proceed in the first instance to vacate the sale. If the sale was to stand, of course no accounting could be had after the deed was executed, as then the parties were in possession as owners; if, on the other hand, the sale should be set aside, then the parties occupied a different relation to the property, and should account. This being the situation of the case, the Racine and Mississippi Railroad Company came into court and of its own motion requested the court not to set aside the sale, but to have an account stated up to the time the master made the deed under the decree. We can regard this action on their part in no other light than a waiver of the right to insist upon a motion to vacate the sale. The railroad company had no right to take steps in the case acquiescing in the sale, and afterwards repudiate that action and attempt to set the sale aside.

But there is another ground upon which the decision of the question may rest. The plaintiff in error did not invoke the aid of the court in apt time. The case was decided at the September term, 1868; a copy of the decision, as appears, was obtained in November, 1869; and yet no motion was made to set aside the sale until September, 1871 — almost two years after they fully understood their rights, and that the circuit court was bound to entertain a motion to vacate the sale if they desired to have it considered.

In *Noyes* v. *True*, 23 Ill. 503, which was an application to set aside a judicial sale, where the party had delayed one year, it was held, where the party has manifested such apathy and indifference to his rights as to delay all pro-

ceedings for that period, it has more the appearance of a desire to procure delay than to relieve himself from injustice and oppression.

In *Prather* v. *Hill*, 36 Ill. 402, which was an application by bill to vacate a sale of lands made by the sheriff on execution, the principle in the case last cited was approved, and it was held a sale of land *en masse* will not be disturbed after an unreasonable delay to file a bill or to move the court to set the sale aside.

In *Fergus* v. *Woodworth*, 44 Ill. 374, a similar question arose, and the court said : " While a court of equity would not apply it as an inflexible rule that such a motion should be interposed on the coming in of the report at the next term after the sale, still, if not then made, or at least before the time for redemption has expired, the court would not set the sale aside for trifling objections.   *   *   *   After the time for redemption has expired and his equity is barred, the mortgagor should not be heard to impeach the sale except by showing that there was fraud or oppression, and that substantial injury had resulted, and even then it might be necessary to afford a reasonable excuse for having delayed such a length of time before asserting his rights."

When the principles of the cases cited are applied here, we perceive no tenable ground upon which the plaintiff in error can claim that the court erred in refusing to vacate the sale.   The premises sold have gone into the hands of innocent purchasers, who had the right to rely upon some stability in judicial sales ; the right of plaintiff in error to vacate the sale, if the ground was ever tenable, has been lost by delay and inaction.   We perceive no ground for reversing the decree, and it will be affirmed.

*Decree affirmed.*