## WILLIAM B. OAKLEY *et al.*

### *v.*

### EDMUND B. HURLBUT.

*Filed at Ottawa September 26, 1881.*

1. CLOUD ON TITLE—*jurisdiction of court of equity to remove.* Under our law a court of chancery will not entertain a bill to remove a cloud upon the title of a complainant unless he is in the lawful possession of the land, or the land is unoccupied.

2. CHANCERY—*laches—when a defence.* After a delay of more than fourteen years from the sale of land for taxes, permitting the purchaser to pay taxes and make improvements on the land, the former owner will be precluded from having the sale set aside in equity for a fraudulent combination preventing competition at the sale, in the absence of any excuse being shown for the delay.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. ROBERT DOYLE, for the appellants:

A bill in chancery will not lie to clear a title, or to test title to land, when the defendant is in possession. The remedy is by an action of ejectment. There are only two cases under the act of 1869 where a bill to remove a cloud on title to land will lie: first, when the complainant has possession; and, second, when the lands are unoccupied. *Hardin et al.* v. *Jones,* 86 Ill. 315; *Whiting* v. *Stevens,* 78 id. 585; *Comstock* v. *Henneberry,* 66 id. 213; *Burton* v. *Gleason,* 56 id. 25; *Reed* v. *Tyler,* 56 id. 288; *Emery* v. *Cochran,* 82 id. 65; *Hernandez* v. *Drake,* 81 id. 41; *Imperial Fire Ins. Co.* v. *Greening et al.* 81 id. 240.

Messrs. KAY & EVANS, for the appellee:

The answering of the bill after a demurrer thereto was overruled, estops the appellants from insisting upon the question of jurisdiction because of a remedy at law. *Parker* v. *Parker,* 61 Ill. 369; 2 Daniell's Ch. Pr. 140.

The allegations of the bill show fraud, which gives a court of equity jurisdiction. The combination at the sale to prevent competition was a fraud,—it was more than a mere irregularity. See *Kennedy* v. *Northup,* 15 Ill. 148; *Comstock* v. *Henneberry,* 66 id. 212; *Hodgen et al.* v. *Guttery,* 58 id. 431; *Moore* v. *Munn,* 69 id. 591; *Whitney* v. *Stevens,* 77 id. 585.

The specific relief of cancelling the tax deed could not be had at law. *Reed* v. *Tyler,* 56 Ill. 291, and cases there cited.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a bill filed by Hurlbut, claiming to be the owner in fee of a tract of land in the county of Iroquois, against Oakley and his tenant in possession. The case made shows that the tract was owned by the Illinois Central Railroad Company, and was conveyed by the trustees of that company to one George Siggens, in August, 1857. The land remaining vacant and unimproved, was sold for taxes of 1863, in 1864, and bid off by Oakley. Not being redeemed, Oakley received a tax deed from the sheriff, June 2, 1866.. For seven consecutive years following, and up to and in 1873, the land being vacant, Oakley paid taxes in full under his tax deed. Oakley afterwards took possession and made some improvements, and placed a tenant upon the same, who occupied at the commencement of this suit, on May 28, 1879, and Oakley has continued to pay the taxes. On the 28th of February, 1878, Siggens conveyed his interest by quitclaim to Johnson. In July, 1878, Johnson conveyed by quitclaim to Strean, and on April 1, 1879, Strean conveyed by quitclaim to Hurlbut— near two months before the suit was begun. The bill seeks to set aside the sheriff's deed to Oakley, as a cloud upon complainant's title. The circuit court granted the relief sought, and defendants in the court below appeal to this court.

Under our laws, courts of chancery will not intervene to remove a cloud upon the title of a complainant, unless the

complainant is in the lawful possession of the land, or where the land in controversy is unoccupied. *Hardin* v. *Jones*, 86 Ill. 313. This case does not come within the rule, and in the answers the jurisdiction of the court is challenged upon this ground. Counsel for appellee seek to support the jurisdiction upon the ground of fraud, alleged in the purchase of the land at the tax sale. It is claimed that appellant Oakley was a party to a combination among the bidders at that sale, by which they agreed not to bid against each other, and that under that arrangement appellant bought without competition. The statute protecting the title of a holder with color of title and claim under such color, made in good faith, with payment of taxes for seven consecutive years, is in the nature of a statute of limitations. If the fraud alleged was practiced, it was against Siggens, who seems at that time to have been the owner. If he desired the sale set aside on that ground, he should have intervened in apt time. No excuse is shown for this long delay. Neither he nor those claiming under him, after a lapse of more than fourteen years, can be heard to allege, under such circumstances, that he was injured in that way. Having lain by for so long a time, and permitted appellant to pay taxes and make improvements, it is too late to elect to complain upon that ground.

The decree of the circuit court is therefore reversed, and the cause remanded to that court, with directions to dismiss the bill.

*Decree reversed.*