## Melvin T. Stone et al. v. Missouri Guarantee Savings and Building Association.

1.  MASTER'S SALES—*When to be en Masse.*—It is the duty of the master to sell property so as to procure the most money with the least injury to the mortgagors, and if this can not be done by a sale in separate parcels, the property may be sold *en masse.*

2.  SAME—*Sales en Masse, When Set Aside.*—It is only on the ground of fraud, or that some one has been injured by the sale of parcels of land *en masse,* that the sale will be set aside in chancery.

**Foreclosure,** sale.—Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding.   Heard in this court at the August term, 1894.   Affirmed.   Opinion filed March 23, 1895.

### STATEMENT OF THE CASE.

This was a proceeding by bill in chancery exhibited by appellee, to foreclose a mortgage of real estate, executed and acknowledged by Stone and wife to secure certain indebtedness of Stone to appellee. A hearing was had and a decree was entered, finding the amount of indebtedness from Melvin T. Stone due and unpaid to be $5,157.46, and ordering the master in chancery to advertise and sell the real estate mortgaged in case of default in the payment as decreed, or so much thereof as might be necessary to realize the amount so due complainant, together with the costs and disbursements connected therewith, and providing the property might be sold separately if the same could be done without material injury to the parties interested. The mortgaged premises consisted of two blocks of suburban property, divided into lots. One entire block of forty lots, block 54, and thirty-nine lots of the other block, block 55, were subject to the mortgage lien.

In pursuance of the decree, the master made the sale and filed his report thereof, to which report James T. McCasland Leo Scherrer, John P. Enright, Alex Abend and L. W. Reid, the first of whom only was a party to the suit, claiming to be bidders and purchasers at the sale, filed these exceptions:

" 1st. That the law requires said premises, as set forth in said decree and publication, to be sold in parcels, and not *en masse*. 2d. That said master did sell said lots in single lots and they were bid on and purchased by the above named parties as set forth in said master's report; that all of said purchasers were in good faith and in the presence of the mortgagee and their agents and attorneys; that said purchasers demanded certificates of purchase and were able and willing and offered to pay the price bid and so sold; that said certificate was wrongfully issued to one not the purchaser at said sale. 3d. That the master in chancery erred in issuing certificate to Missouri Guarantee Savings and Building Ass'n, and in not issuing to the above named parties as per their bid in said report; and that said master exceeded his authority in selling said property the second time."

The exceptions were overruled and master's report was approved, to all of which the persons excepting, excepted and prayed and were allowed to take this appeal. The master's report shows that he advertised the sale as required by the decree; that, in pursuance of the decree and in conformity with the notice of sale, he did, on January 5, 1894, offer for sale at public auction at the front door of the court house in the city of Belleville, in said county, the said premises ordered to be sold; first proclaiming the terms of sale, as set forth in the decree, and first offering said lots for sale separately, subject to sale *en masse*. Next sets out in detail the lots that were offered for sale separately, the amount bid for each, and the name of bidder to whom each was struck off, showing that every lot in each block ordered to be sold was offered separately; that the highest bid was twenty dollars for any one lot and that was on two lots only; that fifteen dollars was next highest bid and for one lot only that McCasland bid one dollar each for eight lots and two dollars each for twenty-eight lots; that no bids were offered for either of two lots, and the aggregate amount of the bids for which the lots were struck off when offered separately was but $263. The master then offered *en masse* all the

lots in block 54 ordered to be sold, and Reid bid therefor $5,000, and they were struck off to him at that sum, which was not enough by over $800 to pay the debt, interest, costs and other expenses. He then offered *en masse* all of block 55 ordered to be sold and could get no bid. He then offered both of said blocks *en masse* and complainant bid $5,880.22, being the highest and best bid therefor, and the same was sold to it for that amount and the master's certificate was delivered.

J. W. BARTHOLOMEW, attorney for appellants.

CAMPBELL & RYAN and J. J. RAFTER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellants do not claim the debt secured by the mortgages was not due and payable and amounted to the sum found due by the court, nor that the mortgagors were not liable to pay the same as decreed; nor that the property when sold *en masse* brought less than its full value. No claim is made of fraud or inadequacy of the price for which the master sold it, but it is claimed the statutory provision requiring real property taken on execution to be sold in separate parcels, if susceptible of division, was violated, to the injury of those who made such grossly inadequate bids, and to the injury of Stone by not giving those bidders certificates and thus permitting him to redeem by paying a sum sufficient to satisfy the costs of suit and necessary expenses of making the sale. These bidders were notified before bidding of the right reserved by the master to sell *en masse*, if the rights of the parties required it, and they bid subject to that condition. It was the duty of the master to so sell the property as to procure the most money with the least injury to the mortgagors. This he could not do by selling in separate parcels, but when sold together it brought enough to pay the debt, interest, costs and all expenses. None of the parties were injured thereby. The mortgage

was paid in full by the proceeds of the sale and the debtors discharged from the burden of the debt. It is only on the ground of fraud, or that some one has been injured by the sale of several parcels or tracts of land *en masse* that the sale will be set aside in chancery. Ross v. Meek et al., 5 Gil. 171; Gillespie v. Smith et al., 29 Ill. 473; Prather v. Hill, 36 Ill. 402; Fergus v. Woodworth, 44 Ill. 378; Martin v. Hargardine, 46 Ill. 322; Hay v. Baugh, 77 Ill. 500; Fairman v. Peck, 87 Ill. 156.

Counsel for appellant also suggests that the rule requiring a sale of lands under a decree to be made in the inverse order of alienation was not observed and therefore the sale ought to have been set aside. No case is made by this record warranting the application of this rule. Dates v. Winstanly, 53 Ill. App. Rep. 630. The master followed the directions of the decree in making the sale as he did, and acted for the best interest of the parties in so doing. The court did not err in refusing to set aside the sale. The order and decree of the Circuit Court is affirmed.