(No. 33754.—

EDWARD A. MILLER, Appellant, *vs.* BLANCHE CONRAD SI-WICKI *et al.*—(BLANCHE CONRAD SIWICKI, Appellee.)

*Opinion filed March 22, 1956—Rehearing denied May 22, 1956.*

KELLAM FOSTER, of Chicago, for appellant.

CHARLES F. GRIMES, and WILLIAM B. GARRETT, both of Chicago, (ALBERT HASSELL, of counsel,) for appellee.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

The plaintiff-appellant, Edward A. Miller, appeals from a judgment of the superior court of Cook County, which denied him relief in ejectment and set aside a deed by which he claimed title to the property. A freehold being involved, the case comes to us on direct appeal.

The property, comprising two lots and located at 3332-4 South Morgan Street in Chicago, was acquired by Onufry Iwaszkiewicz in 1909. In 1918, White Eagle Brewing Company obtained a $1360 judgment against him in the superior court of Cook County, which he never paid. He died intestate in 1922, and his estate was administered in the probate court of Cook County. This property was inventoried as an asset of the estate.

On December 12, 1924, before administration was completed, White Eagle Brewing Company filed in the probate court a notice of its unpaid judgment and asserted a lien against the property. The notice recited that the administrator and his attorney had been notified of the brewing company's intention to levy upon and sell this real estate to satisfy the judgment. On the same day, an *alias* execution was issued.

White Eagle Brewing Company assigned its judgment to Leo S. Mallek on April 7, 1925. On that date, the sheriff sold the property to Mallek at public vendue for $1903.02 and returned the execution satisfied. The execution bore conflicting returns, one reporting a levy upon the property and the other stating no property of Onufry Iwaszkiewicz had been found in the county. Written on the execution and dated April 14, 1925, is Mallek's receipt in satisfaction of the execution. Thereafter Mallek obtained a certificate of sale, and on September 30, 1926, he received a sheriff's deed.

Mallek then made arrangements with Martin Gorski, an attorney, to have the latter take possession of the property and manage it for him. Gorski collected rents, spent money for repairs and generally supervised the property until his death in 1949. At various times during this period, however, there were tax receivership proceedings, with tax receivers appointed who collected rents, paid bills and made repairs to the property.

On February 23, 1945, Mallek conveyed the property to the defendant-appellee, Blanche Conrad Siwicki. On December 11, 1947, the plaintiff obtained a quitclaim deed to the property from Harriet Iwaszkiewicz, who was sole surviving heir of Onufry Iwaszkiewicz. The plaintiff paid Harriet Iwaszkiewicz $300 for this deed, which also conveyed a parcel of real estate across the street from the property in question.

The plaintiff filed his ejectment suit on December 1, 1948, claiming title by virtue of his deed from Harriet Iwaszkiewicz. The defendant based her claim of ownership on her deed from Mallek. The defendant also alleged that the plaintiff's suit was barred by limitations and *laches*, and by counterclaim asked the court to set aside his quitclaim deed as a cloud on her title.

The cause was referred to a master. He died before all evidence was in; but by stipulation a transcript of the

testimony before him was received in evidence, and the trial court heard the other witnesses.

The court found the issues for the defendant, denying the plaintiff relief in ejectment and setting aside his deed as a cloud on the defendant's title.

In his brief, the plaintiff relies mainly upon certain alleged defects in the proceedings which preceded the issuance of the sheriff's deed to Mallek in 1926. He contends that the deed was void because the record fails to show service upon the administrator of the estate of Onufry Iwaszkiewicz or notice in writing of the existence of the judgment as provided by statute and also because the levy was made under an execution which was returned "no property found and no part satisfied."

In our opinion, however, it is not necessary to determine these questions, for we believe the plaintiff is barred by *laches* from attacking the validity of that deed. The defendant pleaded *laches* as a special defense, and this, even though an equitable defense, can be interposed in an ejectment action. Cf. *Stein* v. *Green,* 6 Ill.2d 234; *Horner* v. *Jamieson,* 394 Ill. 222.

In a long line of cases we have held that one who challenges the title to real property must be diligent both in discovering that which will invalidate the title and in applying for relief. (*Freymark* v. *Handke,* 415 Ill. 360; *Stoke* v. *Wheeler,* 391 Ill. 429; *McKey* v. *McKean,* 384 Ill. 112; *Capper* v. *Poulsen,* 321 Ill. 480; *Oakley* v. *Hurlbut,* 100 Ill. 204; *Prather* v. *Hill,* 36 Ill. 402.) The question of *laches* does not turn merely upon the passage of time, however, but depends upon whether, under all the circumstances of the particular case, the plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did. Whenever there is such a change in the relations of the parties or the subject matter as to render it inequitable to grant relief, it will be refused without reference to the statutory period of limitations. (*McKey* v.

*McKean,* 384 Ill. 112.) Reasons for invoking the doctrine of *laches* were expressed as follows in *Dempster* v. *Rose-hill Cemetery Co.* 206 Ill. 261 at page 263: "By reason of the lapse of time the memories of men have failed; death has intervened; records and accounts that, when inspected by those who made them, could have been understood and readily explained from the current history contained in them, have by flight of time and the death of those acquainted with the details, from the barrenness of their statements and the imperfect manner in which they were kept, become of doubtful value and uncertain indices of the transactions they were intended to preserve."

In the instant case, the defendant's predecessor acquired his deed in 1926 and immediately took possession of the property through an agent. The record does not disclose whether any of the heirs of Onufry Iwaszkiewicz had actual knowledge of this deed, but actual knowledge is not necessary to charge them and their grantees with *laches.* For if the circumstances are such as to put them upon inquiry, neglect or failure to check available records may charge them with *laches* the same as if they had known the facts. The notice in the probate court was of public record and for the parties constituted constructive notice. (*Stoke* v. *Wheeler,* 391 Ill. 429.) Likewise, when Mallek recorded the deed in 1926, the existence of the deed became a matter of public record. In spite of the constructive notice effected by these public records, no action was taken to set aside the deed until twenty-two years had elapsed, more than the statutory period of limitations. In addition, there is uncontradicted evidence in the record that Harriet Iwaszkiewicz, the plaintiff's grantor, lived across the street from the property in question for at least a portion of this time and voiced no protest.

Further, during the intervening years in which the plaintiff and his predecessors neglected to take any action to set aside the deed, many of the records with respect to the

improvements made upon the property by Mallek were lost or destroyed, and Gorski, the one person who would have been in the best position to testify with respect to such improvements, had died. And in addition to the loss of evidence by reason of the long delay, injustice would result from the fact that the original judgment has been barred by limitations and can no longer be revived.

The trial court was correct in holding that the plaintiff was barred by *laches* from contesting the defendant's title. For that reason we find it unnecessary to decide whether the sheriff's deed would have been subject to attack had suit been instituted in apt time, nor is it necessary to consider the other special defense of adverse possession.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*