JAMES E. SCHROEDER, Plaintiff-Appellant, *v.* FLOYD A. SCHLUETER *et al.*, Defendants-Appellees.

Fifth District   No. 79-603

Opinion filed July 1, 1980.

Sterling and Altman, P. C., of Fairview Heights (Harry J. Sterling, of counsel), for appellant.

Hotto & Neubauer, of Fairview Heights (William R. Hotto, of counsel), for appellees.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The appellant, James E. Schroeder, seeks reversal of the decision of the St. Clair County Circuit Court, entered May 8, 1979, following a

bench trial, denying him the equitable remedy of specific performance. The agreement to be enforced against defendants-appellees, Floyd and Carol Schlueter, was an option contract for the purchase of real property located in St. Clair County. On appeal the plaintiff below charges error in the court's consideration of sections 6 and 7 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, pars. 6 and 7), which refer to legal ownership of land and the payment of taxes assessed thereon; questions whether the court below committed error in reaching factual conclusions with respect to the exercise of the option to purchase, improvements made, and easements granted by the defendants; and questions whether it was erroneous to bar the action on the ground of *laches*. We affirm.

The parties entered into an agreement dated March 31, 1969, which granted to the defendant and his former wife the exclusive right to purchase approximately 200 acres of farmland for the sum of $70,000, conditioned upon the delivery of a notice of election to purchase by "12 noon on December 30, 1969." The evidence was in conflict as to whether this deadline had been met or missed, and it appears no further action was ever taken to exercise the option. In a letter dated 2 February 1970, the defendants informed Schroeder that his failure to proceed with the purchase was deemed by them to be an abandonment of all rights under the said agreement, which had previously been recorded in the office of the recorder of deeds. The land in question, originally an asset in the estate of Carl Schroeder, plaintiff's father, who died in March 1966, had been sold at auction in order to satisfy debts of the estate. The defendants acquired it by assignment following a series of negotiations and arrangements not germane for purposes of this appeal. However, their acquisition and the granting of the option contract appears to have been in part for the benefit of the plaintiff who desired to re-acquire the property but was unable to do so at that time because of financial and marital difficulties. The record reveals ample evidence that the plaintiff continued in difficult financial straits throughout much of the decade that followed and the proof offered that he was ever able to arrange sufficient financing to meet the purchase price was inconclusive. Over the intervening years the value of the acreage increased until, during the time of the present litigation, its worth was appraised to be in the neighborhood of $500,000. The complaint which initiated this action was filed on March 2, 1978, and at no time prior to that date did the plaintiff assert his rights under the contract in any court of law. During this period Schroeder was in possession of a portion of the property, which he leased from the Schlueters to use in the operation of an auto repair and salvage business. The defendants testified to a considerable series of improvements made to the land and to a number of easements which they had granted to third parties. In addition, it appears that over the period of their ownership

the Schlueters had mortgaged the property, combined with other of their assets, in an amount in excess of $875,000 in order to finance their extensive agricultural enterprise.

We turn first to the issue of *laches* which appellant argues does not apply under the present facts. We disagree, finding that the doctrine constitutes a bar to the present suit. Since this question is dispositive of the appeal it is the only one raised by the parties which necessitates our determination and discussion. *Del Bianco v. American Motorists Insurance Co.* (1979), 73 Ill. App. 3d 743, 746, 392 N.E.2d 120.

The limiting doctrine known as *laches* has been defined repeatedly in this State as such neglect or omisson to assert a right, taken in conjunction with a lapse of time of greater or lesser duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity. (See, *e.g., Thurston v. State Board of Elections* (1979), 76 Ill. 2d 385, 388, 392 N.E.2d 1349; *Carlson v. Carlson* (1951), 409 Ill. 167, 173, 98 N.E.2d 779.) It has been aptly referred to as the doctrine of stale demand and is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights under circumstances where he might have earlier asserted such rights in the exercise of due diligence. This lack of diligence must also be reflected in some resulting inequity to the adverse party such that it would be unfair to allow maintenance of the claim, in cases where property is in dispute, because of some change in the condition or relation of the property and the parties. *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552, 147 N.E.2d 341.

■■ The decision of the circuit court to either invoke or refuse application of this defense is within that court's sound discretion and its conclusion will not be disturbed unless a clear abuse of discretion is apparent. (*Beckham v. Tate* (1978), 61 Ill. App. 3d 765, 768, 378 N.E.2d 588.) It is fundamental that its application is dependent upon the particular facts of each case (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 553), and where those facts are tardily presented, following inexcusable delay, courts are wont to deny relief because of the difficulty or impossibility of arriving at a safe and certain conclusion regarding the truth of the matters subject to dispute, as well as the doing of substantial justice between the parties. *Steinhauer v. Botsford* (1945), 327 Ill. App. 296, 308, 64 N.E.2d 187.

■■ In addition, a marked appreciation or depreciation in the value of the property which is the object of controversy, such that the granting of relief would itself work an inequity, is evidence of injury or prejudice justifying the invocation of *laches*. (*Huszagh v. Holloway* (1969), 116 Ill. App. 2d 455, 462-63, 252 N.E.2d 751; *Barker v. Barker* (1962), 36 Ill. App. 2d 20, 29, 183 N.E.2d 518; *Steinhauer v. Botsford* (1945), 327 Ill. App. 296, 308-09.) We believe the rule to be especially applicable where an option

contract is concerned because time is a material element of the consideration running to the optionee. (See *Huszagh v. Holloway* (1969), 116 Ill. App. 2d 455, 463; *Johnson v. Whitney Metal Tool Co.* (1950), 342 Ill. App. 258, 96 N.E.2d 372.) In regard to the right at equity to have specific performance of a contract of sale, unreasonable delay coupled with a material advance in value is fatal, for equity will not allow a purchaser to remain in the wings gambling on the future rise in price. *Stuckrath v. Briggs & Turivas* (1928), 329 Ill. 555, 566, 161 N.E. 91; *Manaster v. Young* (1939), 302 Ill. App. 545, 24 N.E.2d 215.

■■■ In the case at bar, the appellant was given an option to purchase for a period of nine months in 1969 and thereafter was informed that the optionor considered his failure to act an abandonment of all rights in their agreement. Regardless of whether or not the notice of election to purchase was timely served, we find no evidence in the record which would lead us to believe that the appellant made any effort to effectuate the purchase until he began the course of this litigation in 1978. Indeed, persuasive evidence was presented by the defense which serves to explain the financial reasons why he did not. In the years which followed the expiration of the agreement appellees made significant improvements to the land by clearing wooded areas, improving and monitoring soil conditions and drainage characteristics, all in the interest of their farming operations. Appellant was well aware of these actions since he occupied a portion of the acreage concerned. Easements were granted affecting the use of the property, and it was pledged as security for loans required to finance appellees' farming enterprise. At no time during this period did the appellant take legal action on what he now asserts was his continuing equitable interest in the property. Meanwhile, its total worth increased from the purchase price of $70,000 to $500,000. We believe this alone is a significant impediment to the relief which the appellant now seeks. To grant specific performance after such an extended period of time, during which the Schlueters considered and made use of the property as theirs, farmed and improved it through their own labor and expense, and at an early stage informed Schroeder that they considered his interest terminated, would be to countenance considerable prejudice to the Schlueters resulting in injury and inequity. It has been held that a party is guilty of *laches*, which ordinarily will defeat whatever rights he may have, when he remains passive while another party "incurs risk, enters into obligations, or makes expenditures for improvements or taxes." (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 555.) The present facts are an excellent illustration of the rule. In addition, there are repeated references thoughout the record to lapses of memory and inability to reconstruct material facts involved in the cause. As indicated above, the lack of

578

certainty in reconstructing events more than a decade past generates difficulties in reaching a just solution which this court believes to be substantial and prohibitive.

Accordingly, we affirm the decision of the circuit court of St. Clair County.

Affirmed.

JONES, P. J., and KASSERMAN, J., concur.