RALPH O. RENTH *et al.*, Plaintiffs-Appellees and Cross-Appellees, v. CLYDE R. KRAUSZ, Defendant and Third-Party Plaintiff-Appellee and Cross-Appellant (Binsbacher and Barkau, Third-Party Defendant-Appellant and Cross-Appellee).

Fifth District   No. 5—90—0372

Opinion filed August 27, 1991.—Rehearing denied September 27, 1991.

William F. Kopis, Joshua G. Vincent, and Bruce L. Carmen, all of Hinshaw & Culbertson, of Chicago, for appellant.

Grady E. Holley and Steven J. Rosen, both of Springfield, for appellee Clyde R. Krausz.

Thomas Benedick, of O'Fallon, for appellees Ralph O. Renth and Jane R. Renth.

JUSTICE HOWERTON delivered the opinion of the court:

Buyers sued seller to rescind a real estate installment contract alleging that seller failed to attach to the contract a certificate of compliance with the building code as required by section 2 of "An Act relating to installment contracts to sell dwelling structures" (Act) (Ill. Rev. Stat. 1987, ch. 29, par. 8.22).

That act states in pertinent part:

> "Any installment contract for the sale of a dwelling structure shall be voidable at the election of the buyer unless there is attached to the contract or incorporated therein a certificate of compliance ***."

The seller filed a third-party complaint against his attorneys alleging that his attorneys were negligent in failing to attach the certificate, and seller moved for summary judgment. The circuit court granted seller summary judgment against his attorneys on the issue of liability.

After a two-day bench trial, the circuit court found in favor of buyers and granted rescission.

The circuit court ordered seller to pay buyers $123,524.34, which is the amount buyers had paid on the contract less reasonable rental, and, on the third-party complaint, ordered seller's lawyers to pay seller $179,630.59. The lawyers appealed, claiming *laches* barred buyers' claim. We reverse.

■ *Laches* is an equitable doctrine that flows from a judicial reluctance to give aid to one who has knowingly slept on her rights. (*Nancy's Home of the Stuffed Pizza, Inc. v. Cirrincione* (1986), 144 Ill. App. 3d 934, 494 N.E.2d 795.) If lack of due diligence has caused prejudice to an opponent, *laches* may be imposed. (See *Thurston v. State Board of Elections* (1979), 76 Ill. 2d 385, 392 N.E.2d 1349.) Necessarily, then, the imposition of *laches* depends upon the facts of each case (*McCartney v. McCartney* (1956), 8 Ill. 2d 494, 134 N.E.2d 789), and a court, therefore, may impose *laches* if it finds that a party un-

reasonably delayed asserting a known right and that delay unduly prejudiced the opposing party. (*Shroeder v. Schlueter* (1980), 85 Ill. App. 3d 574, 407 N.E.2d 204.) Indeed, the existence of prejudice is so critical that in some instances, a court may impose *laches* on a claim brought before the statute of limitations has expired. See *Miller v. Siwicki* (1956), 8 Ill. 2d 362, 134 N.E.2d 321.

We examine the facts to determine whether there was here both delay and prejudice such that the circuit court should have imposed *laches* to bar buyers' suit to rescind the contract.

■ To measure delay, we must first inquire when buyers knew they had the right to void the contract. In Illinois, delay is measured from the time a party knew or in some instances should have known of a right to sue. (See *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236.) When a right to sue is based upon a statute or a public record, Illinois courts have charged a party with constructive knowledge, because "ignorance of the law or legal rights will not excuse delay in bringing suit." (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 555, 147 N.E.2d 341, 345, citing *LeGout v. LeVieux* (1929), 338 Ill. 46, 169 N.E. 809.) In this case, buyers must be charged with constructive knowledge of the statute that gave them the right to void the contract; therefore, we measure the delay from the time the contract was executed, because it was at this time that they should have known that seller had failed to attach the certificate of compliance. That delay was six years.

■ We now examine the prejudice. During the six-year delay, the value of the land depreciated by $115,000, a 42% decrease from the $275,000 sale price, a substantial prejudice to defendant. See, *e.g.*, *Bledsoe v. Carpenter* (1987), 163 Ill. App. 3d 823, 516 N.E.2d 1013; *Hay v. Albrecht* (1988), 169 Ill. App. 3d 120, 523 N.E.2d 211; *Shroeder v. Schlueter* (1980), 85 Ill. App. 3d 574, 407 N.E.2d 204.

Buyers argue that *laches* does not apply and rely upon *Courtois v. Millard* (1988), 174 Ill. App. 3d 716, 529 N.E.2d 77, where this court held that a five-year delay in filing suit under the same statute did not justify the imposition of *laches*.

Though some of the facts in *Courtois* are similar to those in the case at bar, we find *Courtois* distinguishable. In *Courtois* this court simply looked to the delay presented, found it reasonable, but did not specifically address the question of prejudice. To the extent that *Courtois* is being read as creating a two-step analysis in determining whether to impose *laches, Courtois* needs explication.

*Laches* is not another statute of limitations. Indeed, it long has been held that "*[l]aches* is not, like limitations, a mere matter of time

but principally a question of the inequity of permitting the claim to be enforced,—an inequity founded upon some change in the condition or relation of the property and the parties. *Laches* depends on whether, under all the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did. It has been defined to be such neglect or omission to assert a right, taken in conjunction with lapse of time of more or less duration, and other circumstances causing prejudice to an adverse party, which will operate as a bar ***. [Citation.] Where there is such a change in the relations of the parties or such a change in the subject matter of the suit as to render it inequitable to grant relief, it will be refused without reference to the statutory period of limitation." (*McKey v. McKean* (1943), 384 Ill. 112, 126, 51 N.E.2d 189, 195-96, citing *Venner v. Chicago City Ry. Co.* (1908), 236 Ill. 349, 86 N.E. 266; *Walker v. Ray* (1884), 111 Ill. 315; see also *Curtis v. Curtis* (1947), 398 Ill. 442, 75 N.E.2d 881; *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341.) The question of delay, therefore, is enmeshed in the question of prejudice, and neither *Courtois* nor this opinion can be read to direct a court first to assess delay, and then, if delay is found, to assess prejudice. *Courtois* can only be read to hold that the circuit court did not abuse its discretion in refusing to impose *laches*.

In that regard, the critical fact in *Courtois* must be compared with the critical fact in this case, *i.e.*, whether "there is such a change in the relations of the parties or such a change in the subject matter of the suit as to render it inequitable to grant relief." *McKey*, 384 Ill. at 126, 51 N.E.2d at 196.

In *Courtois*, there was no evidence that the property had depreciated during the five years that plaintiff had delayed filing suit. Here, however, the property depreciated by $115,000, a 42% depreciation. We find, therefore, that the facts and circumstances in this case warrant imposition of *laches*, because the delay in making the claim under this statute, six years, in conjunction with the prejudice to the sellers, a 42% depreciation in the value of the land, "renders it inequitable to grant relief."

We, therefore, reverse the circuit court's judgment rescinding the contract.

Reversed.

CHAPMAN and GOLDENHERSH, JJ., concur.