598 N.E.2d 479 (1992)
233 Ill. App.3d 185
174 Ill.Dec. 282
In re ESTATE OF Werner SCHAFROTH, Deceased (Douglas W. Schafroth and Donald M. Schafroth, Petitioners-Appellants,
v.
J. Hugh Shelnutt, Executor-Appellee).
No. 5-91-0590.
Appellate Court of Illinois, Fifth District.
August 20, 1992.
*480 Robert E. Shaw, Mitchell, Neubauer & Shaw, P.C., Mt. Vernon, for petitioners-appellants.
Randy Patchett, Winters, Brewster, Murphy, Crosby & Patchett, Marion, for executor-appellee.
Justice RARICK delivered the opinion of the court:
Petitioners, Douglas and Donald Schafroth, appeal from the order of the circuit court of Williamson County confirming admission of the will of decedent, Werner Schafroth, to probate.
Werner Schafroth died on September 23, 1982. In May of 1983, Werner's widow, Dr. Blanche Schafroth Kelly, filed a petition for letters of administration claiming she was Werner's only heir and that Werner died without leaving a will. In reality, Werner had two sons, Douglas and Donald Schafroth, petitioners, a fact of which Dr. Kelly was well aware. The trial court entered an order finding Dr. Kelly to be decedent's sole heir and appointed J. Hugh Shelnutt as administrator of the estate. Once the sons learned of the probate proceedings, they filed a petition for an amended order of heirship and requested an inventory of the estate. The inventory filed by Dr. Kelly listed "personal effects and clothing" as the only assets of the estate. After an amended order of heirship was entered, the sons filed a petition for citation to discover assets against both Dr. Kelly and the administrator. The order directing citations to be issued was entered, but petitioners were unsuccessful in having Dr. Kelly served. In the meantime, petitioners were able to examine administrator Shelnutt for discovery of assets. Shelnutt testified he made no investigation of assets of decedent but rather simply signed and filed what was prepared by the attorneys. Douglas Schafroth then petitioned the court to have Shelnutt removed as administrator for failing to properly administer the estate. Douglas also requested production of tax returns and other documents concerning the business and personal affairs of decedent. Shelnutt, however, claimed an accountant's privilege to avoid disclosure. The trial court, on the other hand, ruled such a privilege was inapplicable in this situation. Dr. Kelly eventually was served and brought to court for examination on the citation to discover assets. During this examination it was revealed that property accumulated by Werner and Dr. Kelly during their marriage had not been inventoried in the estate. Petitioners subsequently filed a motion for appraisal requiring a complete inventory of the estate. Then, on October 12, 1990, Dr. Kelly filed a petition to admit a document purported to be the will of decedent. This will, dated in 1967, left everything to Dr. Kelly. Once petitioners learned of the existence of the will, they made a demand for formal proof and objected to its admission to probate on the basis of laches and estoppel. *481 The trial court, after a hearing on formal proof, ultimately entered an order confirming admission of the will to probate.
Petitioners concede due execution of the will under section 6-4 of the Probate Act of 1975 (Ill.Rev.Stat.1991, ch. 110½, par. 6-4; see also In re Estate of Chlebos (1990), 194 Ill.App.3d 46, 50-51, 141 Ill.Dec. 23, 26-27, 550 N.E.2d 1069, 1072-73) but seek reversal of the order admitting the will on grounds of estoppel and laches. Petitioners point out Dr. Kelly waited eight years to offer decedent's will to probate and, during that time, submitted a false heirship affidavit to the court claiming to be the only heir, submitted a false petition for letters of administration stating decedent left no will, presented a false inventory stating decedent died possessed only of personal effects and clothing, and testified at the citation hearing there was no will. Petitioners believe these abusive tactics and "legal gamesmanship" would best be remedied through the law of estoppel and laches thereby preventing Dr. Kelly from probating decedent's will.
While we agree Dr. Kelly's apparent misrepresentations to the court should not and cannot be countenanced, we do not believe denial of the will to probate is the solution. As petitioners concede, decedent's will was duly executed. Therefore, in accordance with section 6-4 of the Probate Act, the will then should be admitted to probate. (See Ill.Rev.Stat.1991, ch. 110½, par. 6-4; Chlebos, 194 Ill.App.3d at 50-51, 141 Ill.Dec. at 26-27, 550 N.E.2d at 1072-73.) The law favors admission of a will to probate in order that the administration of the estate may proceed. (In re Estate of Jacobson (1979), 75 Ill.App.3d 102, 106, 30 Ill.Dec. 722, 725, 393 N.E.2d 1069, 1072.) The fact Dr. Kelly did not find the will for some eight years after her husband's death does not mean the will cannot be admitted to probate, particularly when the estate still remains open. (See In re Estate of Cornelius (1984), 125 Ill. App.3d 312, 80 Ill.Dec. 687, 465 N.E.2d 1033.) While Dr. Kelly testified at the citation hearing there was no will, she also stated decedent had made a will but she believed it had been destroyed. Dr. Kelly's failure to find the will earlier certainly is suspect, but at the same time we must note she had nothing to gain by not offering earlier a will which left everything to her. The doctrines of laches and/or estoppel, whether they be equitable or judicial, do not apply in this instance. Judicial estoppel prevents a party from maintaining inconsistent positions in legal proceedings. (See Finley v. Kesling (1982), 105 Ill. App.3d 1, 9, 60 Ill.Dec. 874, 880-81, 433 N.E.2d 1112, 1118-19.) While Dr. Kelly's statement that there was no will was later contradicted, it was not inconsistent with her belief the will had been destroyed. Likewise we cannot say petitioners met their burden to establish equitable estoppel when they failed to prove Dr. Kelly knew her representation that there was no will was untrue at the time the representation was made. (See Vaughn v. Speaker (1988), 126 Ill.2d 150, 162, 127 Ill.Dec. 803, 808, 533 N.E.2d 885, 890; Monarch Gas Co. v. Illinois Commerce Comm'n (1977), 51 Ill.App.3d 892, 897, 9 Ill.Dec. 434, 438, 366 N.E.2d 945, 949.) Similarly, the imposition of laches requires an unreasonably delayed assertion of a known right. (See Renth v. Krausz (1991), 219 Ill.App.3d 120, 121-22, 161 Ill.Dec. 754, 755-56, 579 N.E.2d 11, 12-13.) Again, petitioners failed to demonstrate knowledge. Because the will was sufficiently proved and petitioners failed to meet their burden of proof, we cannot say the trial court erred in admitting Werner's will to probate over petitioners' objections based on estoppel and/or laches. This determination does not resolve the matter of Dr. Kelly's conduct, however. We are still faced with at least one deliberate misrepresentation to the court by Dr. Kelly which ultimately required petitioners to hire legal counsel and to expend energy and time in protecting possible rights. Dr. Kelly's misrepresentations and lack of diligence cannot be condoned. We believe the more appropriate avenue to deal with such abusive tactics, however, is assessment of costs and impositions of sanctions against Dr. Kelly to discourage such actions in the future by any litigant. (See Ill.Rev.Stat.1989, ch. 110, *482 par. 2-611; 134 Ill.2d R. 137; Auer v. Wm. Meyer Co. (1944), 322 Ill.App. 244, 267-68, 54 N.E.2d 394, 404-05.) For these reasons, we affirm the judgment of the circuit court of Williamson County admitting decedent's will to probate but remand the cause for further proceedings consistent with this order.
Affirmed; remanded with directions.
GOLDENHERSH, P.J., and WELCH, J., concur.