HENRY A. CAPPER *et al.* Appellees, *vs.* ELSIE K. POULSEN *et al.* Appellants.

*Opinion filed June 16, 1926.*

1. CLOUD ON TITLE—*purchasers not chargeable with notice of facts of record outside chain of title.* The law charges purchasers with notice of only those conveyances in the direct line of the title they are buying, and they are not chargeable with notice of facts shown by records not in their chain of title.

2. SAME—*what constitutes a chain of title.* A chain of title is the successive conveyances, commencing with the patent from the government or some other source, and including the conveyance to the one claiming title.

3. SAME—*when purchasers are not chargeable with notice of affidavit on record.* Purchasers are not chargeable with notice of an affidavit filed by grantors in the purchaser's chain of title subsequent to the record of the warranty deed of said grantors, in which affidavit the grantors claimed that their deed was intended to be a mortgage, as the title of the purchasers comes through the warranty deed, and they are not chargeable with what the record may disclose subsequently to said deed not falling within their chain of title.

4. EQUITY—*parties must be diligent in seeking relief in regard to titles.* Parties who challenge the title of their adversary to real property must be diligent in discovering that which will avoid the title or render it invalid and must be diligent in applying for relief, and where they take no legal action until they are made defendants to a bill by their adversaries, who have been in possession and paid taxes for several years, the defendant's prayer for relief by cross-bill will be denied, where they show no circumstances which excuse delay in asserting their claims to the premises.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

WILLIAM J. DILLON, for appellants.

J. W. HALLAM, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellees, Henry A. Capper and Walter F. Bittner, filed their bill in the superior court to quiet title in them to certain premises in Cook county, alleging that appellant Elsie K. Poulsen claimed title to the same. Mrs. Poulsen, who with her husband was made a defendant to the bill, filed her answer, in which she alleged that she was the owner of the premises and that appellees have no title thereto. She also filed a cross-bill, in which she asked that the title be confirmed in her. There was a hearing before the chancellor and a decree granting the prayer of the original bill. An appeal is prosecuted directly to this court on the ground that a freehold is involved.

The facts, which are not in dispute, are as follows: December 16, 1916, Elsie K. Poulsen, who owned the house and lot in question, conveyed the same by warranty deed to Paul P. Barnett. At the time the deed was delivered Barnett gave to the Poulsens a writing which appellees say was an option to re-purchase the property on or before June 1, 1917, and which appellants say was an acknowledgment of the right to redeem, thereby giving the deed the effect of a mortgage. Barnett took possession of the property, and since that time he and his grantees have continued in possession and have paid all taxes and maintenance charges. November 28, 1917, Harry Poulsen filed his affidavit, stating, in substance, that the warranty deed given to Barnett by him and his wife was a mortgage, given as security for a debt. March 15, 1920, Barnett conveyed the property to Morton Amerman, and on the same day appellees entered into a contract to purchase the premises from Amerman for the sum of $5700, paying $1700 in cash and agreeing to make monthly payments until the balance was paid. Appellees immediately entered into possession of the premises and occupied the same as a home. In December,

321—31

1920, Elsie K. Poulsen brought suit in the circuit court of Cook county against Barnett and Amerman, asking that the deed to Barnett be declared to be a mortgage and that she be given a right to redeem. Appellees were not made parties to this suit and had no knowledge that it was pending until after a decree was entered in accordance with the prayer of the bill. September 5, 1923, appellees having complied with their contract, Amerman conveyed the premises to them. When they applied to the Chicago Title and Trust Company to have the guaranty policy covering this property brought down to date, they found out for the first time that Poulsen had filed his affidavit claiming that his wife had an interest in this property. The Poulsens made no effort to redeem the property and took no interest in it until April, 1924, when Poulsen told appellee Capper that his wife owned the property and that they wanted possession of it. Shortly thereafter this suit was commenced.

It is not contended that appellees had actual knowledge of the existence of appellants' claim of interest in these premises, but it is argued that if appellees had been diligent they could have learned by an examination of the records that appellants were claiming that the deed to Barnett was a mortgage. Appellees were chargeable with notice of what appeared in the records concerning the title to these premises, but they were not chargeable with notice of facts shown by records not in their chain of title. (*Allison* v. *White,* 285 Ill. 311; *Rohde* v. *Rohn,* 232 id. 180.) The law charges purchasers with notice of only those conveyances in the direct line of the title they are buying. (*Miller* v. *Larned,* 103 Ill. 562; *Irish* v. *Sharp,* 89 id. 261.) A chain of title is the successive conveyances commencing with the patent from the government or some other source and including the conveyance to the one claiming title. (*Payne* v. *Markle,* 89 Ill. 66.) The deed from the Poulsens to Barnett having been made long prior to the filing for record of the notice, appellees take under this deed and are not

chargeable with what the record of title might disclose subsequently to the deed under which they claim, not falling within their chain of title. (*Goodkind* v. *Bartlett,* 153 Ill. 419.) Appellees having purchased the premises in question without notice, actual or constructive, of the claim of appellants, have title in the premises free from the burden of such claim.

Appellees have been in possession of the premises, occupying the same as a home, since March 15, 1920, and have paid all taxes extended against the same. Appellants were therefore charged with notice of appellees' rights and claims in the premises, (*Moore* v. *Machinery Sales Co.* 297 Ill. 564,) and they were bound to exercise diligence in asserting any interest which they claimed to have. Good faith and reasonable diligence of parties seeking the relief of a court of equity are the elements that call it into activity. In the absence of these elements the court remains passive and declines to extend its aid. It has always been the policy of equity to discountenance bad faith and neglect. A party who challenges the title of his adversary to real property must be diligent in discovering that which will avoid the title or render it invalid and diligent in his application for relief. (*Booker* v. *Booker,* 208 Ill. 529; *Fitch* v. *Miller,* 200 id. 170; *Walker* v. *Warner,* 179 id. 16.) Appellants have shown no circumstances which excuse their delay in asserting their claim to these premises, and for this additional reason appellants are not entitled to the relief asked in the cross-bill.

The chancellor properly confirmed title in appellees, and the decree is affirmed.                *Decree affirmed.*