(No. 33219.—

Laura Virginia Holland, Appellant, *vs.* Lucille Richards *et al.,* Appellees.

*Opinion filed January 21, 1955.*

HENRY I. GREEN, ORIS BARTH, LAWRENCE R. HATCH, and JAMES H. WHEAT, all of Urbana, for appellant.

HARRIS & HARRIS, of Lincoln, for appellees.

Per CURIAM: Appellant, Laura Virginia Holland, filed her complaint in equity in the circuit court of Logan County on December 7, 1953, seeking to establish her title to approximately 190 acres of farm lands located in that county. The relief prayed was that appellees be compelled to surrender into court a certain deed dated June 28, 1926, by which the premises in question were allegedly conveyed to appellant's mother and the children of her body; that title to the land be quieted and confirmed in appellant; that a certain deed dated March 18, 1933, by which the same lands were conveyed to appellees, Lucille Richards, Flor-

ence Richards Graham and Gertrude Richards Honaker, be surrendered into court, held to be void and set side as a cloud on appellant's title, and that appellees account for rents and profits allegedly received. Appellees filed a motion to dismiss, the principal ground being that the complaint showed on its face that appellant's claim was barred by *laches*. This motion was allowed and the plaintiff was allowed to amend her complaint. The complaint as amended also asks that appellees be enjoined from trespassing and from interfering with appellant's right of possession. The motion to dismiss the complaint as amended failed to assert several of the grounds urged in the earlier motion. The trial court again sustained the motion and appellant, having elected to stand on her amended complaint, a decree was entered dismissing her suit for want of equity. This appeal followed.

Counsel for appellees concede that only the question of *laches* is involved in this appeal; that if the action of the trial court in dismissing the complaint is to be sustained it must be on that basis and that basis alone. It is specifically stated that appellees do not urge any of the other matters originally raised in their motion to dismiss. Therefore the issues are narrowed to two questions: (1) Is the doctrine of *laches* applicable to the facts of this case as stated in the complaint? (2) Can the defense be raised by motion or is appellant correct in her contention that it can be raised only by answer?

The second question may be answered without reference to the facts pleaded, so we first give attention to that matter. The answer is that where a complaint in equity shows *laches* on its face and fails to set forth any excuse for any earlier prosecution of the suit, the matter may be raised by motion specifically pointing out such defect. This was certainly the law before the passage of the present Civil Practice Act. In *Kerfoot* v. *Billings,* 160 Ill. 563, the question was specifically raised and we stated at page 573:

"Our conclusion is, that, where a bill shows *laches* upon its face, and fails to set forth any excuse for an earlier prosecution of the suit, the defense of *laches* on the part of the complainant may be set up under demurrer either general or special." In the same case we observed that it had been held in a number of cases that if the bar of the Statute of Limitations appeared on the face of the bill, and no circumstances were alleged to take the case out of the statute, the bill would be obnoxious to demurrer and that there was no reason why the same rule should not apply where *laches* amounting to a bar in equity appeared on the face of the bill. Since the passage of the Civil Practice Act, general demurrers have been abolished and motions in the nature of special demurrers have been substituted. (Ill. Rev. Stat. 1953, chap. 110, par. 169.) Motions under the act must specifically point out the defects complained of, but there is nothing in the act which changes the earlier rule. Section 43(4) of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 167,) provides that the facts constituting any affirmative defense such as *laches* (among others) must be plainly set forth in the answer or reply, but this provision is not to be construed as stating that the defense of *laches* may be raised only by answer or reply. The section properly construed merely means that when the pleader elects to plead an affirmative defense, such as *laches,* in his answer or reply, the facts constituting that defense must be plainly set forth. There is nothing in the Civil Practice Act which excuses the necessity of stating a cause of action, and where a complaint fails to state a cause of action by reason of apparent *laches* where no sufficient excuse for delay is stated, there appears to be no reason why the defect cannot be raised by motion so long as the motion specifically points out the defect complained of. In *Deasey* v. *City of Chicago,* 412 Ill. 151, appellants who were police officers filed a bill in equity and at law to recover portions of their salaries allegedly due

them. A motion to dismiss alleging (*inter alia*) *laches* and the Statute of Limitations was sustained and a motion for leave to amend was denied. In affirming the judgment of the trial court we stated at pages 155-156: "A marked lack of diligence in pursuing their claims appears on the face of appellants' complaint, which was filed in June, 1950, on claims which allegedly arose from the period January, 1931, to December, 1939. Appellants were aware, as a result of the nine annual appropriation bills passed during this period, that their salaries had been lowered and that they were being consistently paid at a reduced rate, yet they did not act. In *Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588, it was held that the Statute of Limitations may be availed of in chancery by a motion to dismiss where the bar appears on the face of the complaint, unless an equitable excuse is alleged in the complaint to avoid the bar. No sufficient equitable excuse was here alleged. Plaintiffs had full year-by-year knowledge of the salary reductions, and should have sought earlier adjudication of their rights in relation thereto. They are guilty of *laches* since they waited eleven years at the least reckoning to bring this action, and the bar of the Statute of Limitations appears on the face of their complaint, thus making it properly within the court's consideration on motion to dismiss." It is our conclusion, therefore, that appellees might properly raise the defense by motion assuming (1) that an unreasonable delay appeared on the face of the complaint, (2) that no sufficient excuse for delay appeared or was pleaded, and (3) that the motion specifically pointed out the defects complained of.

This brings us to a consideration of the question whether the bill shows on its face that appellant was guilty of *laches* which requires a detailed examination of the amended complaint. It is alleged that Helen Richards Holland, deceased, mother of the appellant, Laura Virginia Holland, was the daughter of John E. Richards and Laura

B. Richards, pioneer residents of Logan County, and that the appellees, Lucille Richards, Florence Richards Graham and Gertrude Richards Honaker, are also daughters of the same John E. Richards and Laura B. Richards. On or about June 28, 1926, John E. Richards and Laura B. Richards, his wife, deeded four separate parcels of particularly described land in Logan County to each of their four daughters for life with remainder in fee simple to the children of their bodies, reserving to John E. Richards and Laura B. Richards and the survivor life estates therein. The amended complaint also alleges that an additional 190 acres in question in this case was deeded to Helen Richards Holland, mother of the appellant at the same time by a fifth deed. It is alleged that all of the daughters were advised of the entire transaction and of the existence of all of the deeds. It is further alleged that by virtue of the deed to the 190 acres and the delivery thereof to Helen Richards Holland, title and ownership was vested either in the grantee for and during the term of her natural life with remainder in fee simple at her death to the children of her body, or in the grantor in fee simple subject only to the reserved life estates. It is alleged that Harold F. Trapp was an attorney who prepared all the deeds for John E. Richards.

The complaint further alleges that the deed to the 190 acres of land was in the possession of Helen Richards Holland for many years after its delivery to her in 1926, as the appellees well knew; that John E. Richards, one of the grantors, in his lifetime requested to see the deed; that it was delivered to him for that purpose, but that he took the deed away with him and that he either destroyed it or delivered it to the appellees who have either destroyed it or who have it in their possession; that appellees have refused to return it, so that it cannot be produced by appellant in court; that said deed is being withheld by the appellees or some persons through whom they claim or

has been destroyed by some of them. It is alleged that John E. Richards and Laura B. Richards remained in exclusive possession of the 190 acres of real estate for their respective lives; that John E. Richards died in 1939 and that Laura B. Richards died on February 12, 1947.

The complaint then alleges that by deed dated March 18, 1933, John E. Richards and Laura B. Richards purported to convey the same 190 acres of real estate to the appellees, Lucille Richards, Florence Richards Graham and Gertrude Richards Honaker, without consideration and with knowledge of the appellees of the prior deed to Helen Richards Holland. This deed was acknowledged by the grantors before Harold F. Trapp, a notary public of Logan County, and was not filed for record until October 1, 1951. After the death of Laura B. Richards on February 12, 1947, the appellees went into possession of the land in question and leased the same to Harley Martin, as tenant; that they have collected the rents, issues and profits therefrom and have deprived the appellant of the same. Paragraph 11 of the complaint alleges in part: "Helen Richards Holland after learning of the said deed made in 1933, after long and diligent effort to secure peacefully and without litigation her rights in the premises and to confirm her ownership and title of record, consulted the said Harold F. Trapp and was advised by him that said deed made in 1933 was ineffective and that the only valid deed to said premises from John E. Richards and Laura B. Richards then existing was the deed so made under date of June 28, 1926, to the said Helen Holland, and that the said Harold F. Trapp did demand of the defendants the said deed and after the death of both of the parents of said granteees, and after they, the said defendants, had intruded upon said lands, did for the said Helen Holland demand possession of the said premises; and that while he, the said Harold F. Trapp, was engaged in and about said business, both the said Harold F. Trapp and the said Helen Richards Holland

departed this life, thereby delaying the prosecution of this proceeding." The concluding allegations state that Helen Richards Holland died intestate on November 9, 1953, leaving as her only heirs-at-law the appellant, her daughter, Laura Virginia Holland, and her husband, Logan Holland, who has assigned and conveyed all his interest in his deceased wife's estate to appellant. Appellant is the only child ever born to Helen Richards Holland.

To paraphrase their motion, it is contended by appellees that the amended complaint, and particularly paragraph 11 thereof, shows that appellant and her mother have been derelict and negligent in failing to assert their alleged rights; that the allegations of paragraph 11 are vague and indefinite; that it fails to allege any facts showing when Helen Holland learned of the deed to appellees made in 1933; that it is vague and indefinite as to when appellant's mother began efforts to secure her alleged rights and as to the nature and extent of these efforts or the period of time they covered; that the allegations of said paragraph 11 show notice actual or constructive to appellant and her mother of the 1933 deed and that the unreasonable delay of appellant or her alleged predecessor in title in asserting their rights is an injustice to appellees by reason of the many years which have elapsed since appellant's mother learned of the existence of the 1933 deed and since the death of Laura B. Richards in 1947, and the resulting loss of evidence over a period of many years which would have been available to appellees, the advance in market value of the real estate in dispute and other factors which make the defense of the suit unduly difficult and burdensome.

*Laches* has been defined as such neglect or omission to assert a right as, taken in conjunction with lapse of time of more or less duration, and other circumstances causing prejudice to the adverse party, will operate as a bar in a court of equity. (*Curtis* v. *Curtis,* 398 Ill. 442, 447;

*Brunotte* v. *DeWitt,* 360 Ill. 518, 534; *Venner* v. *Chicago City Railway Co.* 236 Ill. 349, 368.) Unlike limitations, *laches* is not a mere matter of time but principally a question of the inequity of permitting the claim to be enforced,—an inequity founded upon some change in the condition or relation of the property and the parties. *Laches* depends on whether, under all the circumstances of the particular case, plaintiff is charged with want of due diligence in failing to institute proceedings before he did. Where there is such a change in the relations of the parties or such a change in the subject matter of the suit as to render it inequitable to grant relief, it will be refused without reference to the statutory period of limitation. *Freymark* v. *Handke,* 415 Ill. 360; *McKey* v. *McKean,* 384 Ill. 112.

In the case before us it is admitted for the purpose of the motion to dismiss that the premises in question were conveyed to appellant's mother in 1926 and that the deed was delivered to her; that she had the deed in her possession for many years; that appellees had knowledge of the conveyance and the delivery of the deed; that one of the grantors, by pretext of wanting to see it, obtained it from appellant's mother and never returned it to her; that the party thus obtaining possession of the deed either destroyed it or delivered it to appellees, who have destroyed it or have it in their possession and have refused to deliver it upon demand, and that appellees took conveyance of the same premises in 1933 but did not record their deed until 1951, some four years after the death of the surviving grantor for whom a life interest had been reserved. It therefore stands admitted that appellees, to whom the land was conveyed in 1933, had actual knowledge of the prior deed made in 1926 to appellant's mother and that they have actively participated in suppressing appellant's evidence of her alleged title, it being alleged in the alternative that either appellees have destroyed the deed made in 1926 or that they have it and have refused

on demand to return it. The entire question of *laches* must be considered in the light of allegations so admitted.

So far as the question of the lapse of time itself is concerned, it does not appear from the pleadings just when appellant's mother first had actual knowledge of the 1933 deed. The deed itself was not recorded until 1951 and, therefore, constructive notice of its existence was not given to anyone until that time. The mere fact that one of the grantors asked to see the deed to appellant's mother and failed to return it, having obtained it from her for that purpose, would not put her upon notice of any adverse claims. There was nothing inconsistent with her claim of title and the possession of the deed by one of the grantors in whom a life interest had been reserved. Without further knowledge of the facts it cannot be said that redelivery of the deed operated to revest title in the grantors, especially in view of the alleged circumstances of its redelivery. Indeed appellees say that for purposes of their motion it is admitted that redelivery did not operate to revest title in the grantors. Nor can it be said that the death of appellant's grandfather in 1939, coupled with his failure to return the 1926 deed to appellant's mother before that time, operated to put Helen Richards Holland upon notice of the 1933 deed or the existence of claims adverse to her title. Appellant's grandfather was the first to die of the grantors for whom life estates had been reserved, and his wife, Laura B. Richards, the other life tenant, did not die until 1947. As previously noted, there was nothing inconsistent with claim of title by appellant's mother and the mere possession of the deed by a grantor in whom a life interest had been reserved.

It is alleged that upon hearing of the 1933 deed appellant's mother consulted Harold F. Trapp, the lawyer who had taken the acknowledgments on all of the deeds; that she was advised by him that the 1933 deed was inoperative; that he then demanded of appellees the 1926

deed, and that after the appellees had intruded upon the premises he demanded possession of the land. The question is whether, under all the circumstances appearing, the fact that appellant's mother had knowledge of the 1933 deed sometime prior to 1947 and failed to bring an action prior to her death in 1953, operates to bar appellant's suit on the ground of *laches*, remembering that appellant filed her complaint on December 7, 1953, within one month after the death of her mother.

Appellees, so far as the allegations show, are not in the position of being innocent purchasers for value without notice. They had actual knowledge of the prior conveyance and it is alleged they participated in concealing the deed evidencing that fact. Ever since taking possession of the land in 1947 and for some time prior thereto they have had notice of appellant's present demands. It cannot be said that they have suffered any detrimental change of position without knowledge, so that to permit the enforcement of appellant's claim would be inequitable. We are not prepared to say that the complaint is so wanting in facts or essential details that it fails to state a cause of action.

Appellees rely principally upon two former decisions of this court to sustain their claim, *Vermilion County Children's Home* v. *Varner*, 192 Ill. 594, and *Booker* v. *Booker*, 208 Ill. 529. However equitable it may have been to apply the doctrine of *laches* under the special circumstances of those cases, we find that they have no application here. For example, in the *Booker case* a deed made by the grantor in 1882 was never recorded but was left in the grantor's possession, and custody. The grantee died in 1887. In 1894 the same grantor deeded the same land to another. This deed was promptly recorded. The grantee of this second deed took immediate possession and was in possession when suit to set aside his deed was filed in 1899. Plaintiffs were descendants of the grantee in the

1882 deed. The principal question raised and the one to which the evidence was largely devoted was whether the grantee in the second deed had actual knowledge of the prior deed. This question was decided adversely to plaintiffs. *Laches* was mentioned as a further ground for denying relief. In neither of the cases relied upon was there any element of misconduct on the part of the defendants such as the alleged suppression of the deed alleged in the complaint before us.

It is our conclusion that the decree of the circuit court of Logan County was erroneous and that it should be reversed. The decree is reversed and the cause is remanded with directions to overrule the motion to dismiss the complaint and to require the defendants to answer.

*Reversed and remanded, with directions.*