Norris B. Holt and Juanita B. Holt, Plaintiffs-Appellants, v. Harley R. Duncan, et al., Defendants-Appellees.

Gen. No. 61–O–2.

Fourth District.

January 26, 1962.

Rehearing denied February 27, 1962.

Craig & Craig, of Mt. Vernon (Ronald W. Polston, of counsel) for appellants.

Frank H. Walker and Howard & Howard, of Mt. Vernon, for appellees.

HOFFMAN, PRESIDING JUSTICE.

This action was brought to redeem 90 acres of land from a purported mortgage. On defendant's motion, the trial court dismissed plaintiffs' suit, on the grounds that plaintiffs' complaint did not state a cause of action, and this appeal is taken from that order.

The complaint, filed September 6, 1960, alleged in substance that on March 16, 1940 the plaintiffs were the owners in fee simple of 90 acres of land located in Jefferson County, Illinois; that at that time, they were indebted to one A. W. Leuty in the sum of $1,012.94, and that on said date of March 16, 1940 the said Leuty loaned plaintiffs a further sum of $87.06; that on that date, plaintiffs executed a deed of the property, which deed was dated February 19, 1940, delivered the same to A. W. Leuty and that the same was recorded; that on said date of March 16, 1940 the said A. W. Leuty executed an instrument purporting to be a contract of sale under which he agreed to sell the premises back to the plaintiffs for $1,500 if paid on or before September 7, 1940, and that this instrument was likewise filed in the Recorder's office of Jefferson County; that these instruments constituted a mortgage; that prior to September 7, 1940, A. W. Leuty extended the time for payment to November 7, 1940, and on September 12, 1940, plaintiffs paid $100 on the mortgage indebtedness which was accepted by A. W. Leuty; that on March 16, 1940, and ever since, the plaintiffs have resided in California; that on December 19, 1940, plaintiff Norris B. Holt filed an affidavit in the Recorder's office whereby he informed the world of the "true nature of the instruments" and gave notice of plaintiffs' interests in the land.

The complaint further alleges that on October 15, 1943, A. W. Leuty repudiated the contract and conveyed a portion of the premises to one J. O. Purcell and that the said Purcell knew of the plaintiffs' rights

479

and interests in the land; that on April 27, 1950, the said J. O. Purcell died, leaving his widow and 8 children as his heirs; that on July 19, 1950, all the children of J. O. Purcell conveyed their interests to the mother and the deed was recorded; that on October 22, 1952, the mother, Josie Purcell, died, survived by the said children and that on February 19, 1958, the heirs of Josie Purcell conveyed their interests to certain four Osborns and that deed was recorded in Jefferson County; that thereafter, one of the Osborns died devising his interest in the land to another Osborn in trust. The 3 surviving Osborns and the trustee were all defendants herein.

The complaint then alleges that on October 26, 1943, the said A. W. Leuty further repudiated the interests of the plaintiffs by executing a contract of sale conveying a portion of the land to the defendant Russell R. Stroup and that said Stroup knew of plaintiffs' interests in the land before he paid any consideration; that A. W. Leuty died November 4, 1943, and on June 19, 1947, his executor commenced an action against the plaintiffs to quiet title to the land in the estate of A. W. Leuty, and that in May of 1951 the suit was dismissed pursuant to stipulation; that on October 11, 1950, the executor of the estate of said Leuty deeded a portion to Russell R. Stroup pursuant to the terms of the contract referred to; that on October 13, 1950, said Stroup conveyed to Harley R. Duncan and Helen A. Duncan and that the said Duncans knew of the plaintiffs' rights; that the said Harley R. Duncan, Helen A. Duncan, Russell R. Stroup and Vera A. Stroup had an abstract, showing plaintiffs' interests prior to any conveyances to them. The two Duncans and the two Stroups were likewise made parties defendant.

The only question in this case is whether or not the complaint states a cause of action. One of the reasons

set up by defendants for the dismissal of this complaint is that it shows on its face that the plaintiffs are barred by laches. Defendants say that the plaintiffs' failure to take any action to perfect their title for a period of 20 years now bars this action.

 When a deed, absolute on its face, is intended by the parties to be a mortgage, the deed becomes an equitable mortgage and the relationship created is that of equitable mortgagor and mortgagee. Guffey v. Washburn, 382 Ill 376, 46 NE2d 971. This relationship continues until the right of redemption is barred in some mode recognized by law. Bearss v. Ford, 108 Ill 16. One mode, well recognized by Illinois law, is laches. Laches has been defined in Holland v. Richards, 4 Ill2d 570, 577, 123 NE2d 731, 735, to be "such neglect or omission to assert a right as, taken in conjunction with lapse of time of more or less duration, and other circumstances causing prejudice to the adverse party, will operate as a bar in a court of equity." And, if laches is present, the right of redemption will be barred without reference to the statute of limitations. Freymark v. Handke, 415 Ill 360, 114 NE 2d 349.

 But, can relief be denied, because of laches, without a hearing on the merits? Can laches be apparent upon the face of a complaint? These questions were answered in the affirmative by the Supreme Court in Holland v. Richards, supra, wherein the court held that the defense of laches can be raised by a motion to dismiss if: (1) an unreasonable delay appears on the face of the pleading; (2) no sufficient excuse for delay appears or is pleaded; and (3) the motion specifically points out the defect. Thus, if these three elements are present in this case, the trial court will have properly dismissed plaintiffs' complaint.

A careful examination of the complaint indicates that the plaintiffs allowed 20 years to pass before they

481

made any effort to effect an interest in the property. There was 20 years of absolute and complete inaction on their part. The allegations show that the plaintiffs knew of their pretended rights, that in fact they filed an affidavit of their claim and at another time entered into a stipulation to dismiss a suit pertaining to the title against them. However, they took no action until death had silenced one of the principals to the original transaction, other deaths had occurred, and several conveyances in two chains of title had taken place. There are many instances in which our courts have held a much lesser period of time than 20 years to be sufficient to sustain the invocation of laches. See: Daulton v. Walsh, 21 Ill App2d 290, 157 NE2d 801 (11 years); Warner v. Gosnell, 8 Ill2d 24, 132 NE2d 526 (7 years); Steinhauer v. Botsford, 327 Ill App 296, 64 NE2d 187 (8 years); Robison v. Moorefield, 347 Ill App 508, 107 NE2d 278 (6 years); and Capper v. Poulsen, 321 Ill 480, 152 NE 587 (8 years).

And we find no excuse pleaded, or even suggested or hinted at in the pleadings. Plaintiffs' attorney states that the plaintiffs were diligent but the allegations in the complaint do not even show that. On the contrary they show merely that the plaintiffs stood by with full knowledge of their purported claims and permitted many changes of position to be taken by the various owners of record. Because the motion to dismiss specifically pointed out this defect, we apply the rule of Holland v. Richards, supra, here, and hold that under the facts of this case the failure to make any effort to assert an interest in this property for the period here involved is an unreasonable delay and, without any excuse at all being pleaded, is laches sufficient to bar the plaintiffs' right to redemption.

But the plaintiffs argue that they should be protected because almost immediately after the transaction in 1940 they caused an affidavit to be placed

of record "in which they very clearly informed the world of the true nature of the deed given." Such argument was answered in Steinhauer v. Botsford, supra, wherein the court held that the plaintiff was not entitled to recover because of her lack of diligence in bringing suit, and went on to state that an affidavit of interest there filed had only the effect of showing that she had knowledge of her purported interest. See also Capper v. Poulsen, supra, where a similar affidavit claiming an instrument was only a mortgage was held to be ineffective.

■ Also, the plaintiffs argue, that, even if their complaint fell short of alleging a cause of action, they asked leave to amend the complaint, and this was improperly denied. We answer by saying that plaintiffs' purported amendment was to show that certain defendants "had notice of the plaintiffs' rights." They missed the point. The complaint was not defective for that reason, but because it failed to include any allegations justifying the long delay in filing this suit. The court properly refused the amendment.

Titles should repose in peace. Our Supreme Court, in the Capper case, supra, has said at page 483 of 321 Ill:

> "Good faith and reasonable diligence of parties seeking the relief of a court of equity are the elements that call it into activity. In the absence of these elements the court remains passive and declines to extend its aid. It has always been the policy of equity to discountenance bad faith and neglect. A party who challenges the title of his adversary to real property must be diligent in discovering that which will avoid the title or render it invalid and diligent in his application for relief."

We must never forget that "there is nothing in the Civil Practice Act which excuses the necessity of stat-

ing a cause of action, . . ." Holland v. Richards, supra, p 573. The complaint here did not state a cause of action, and the proposed amendment was insufficient to remove the deficiency. The complaint was insufficient, it was properly dismissed, and the order of dismissal is affirmed.

Affirmed.

SCHEINEMAN and CULBERTSON, JJ., concur.