ARNOLD E. RESNICK *et al.*, Plaintiffs-Appellants, *v.* MEYER REZNITSKY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-310

Opinion filed December 29, 1977.

Otto W. Berg, of Chicago, for appellants.

Alvin R. Becker and Zussman & Smilgoff, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County, of an order granting summary judgment in favor of Meyer Reznitsky, Tillie Reznitsky and others (hereinafter called "the defendants"). Arnold E. Resnick, Esther Schultz and Leona Testa (hereinafter called "the plaintiffs") commenced the action below to impress a constructive trust upon certain monies held by the defendants, claiming the funds belonged to their father, who died 14 years prior to the filing of this complaint. The court entered summary judgment in favor of the defendants for the reason of laches.

The issues presented for review are whether the circuit court erred in denying the plaintiffs' motion for change of venue and whether the court properly granted the defendants' motion for summary judgment.

The plaintiffs and defendant, Meyer Reznitsky, are brothers and sisters. Defendant Tillie Reznitsky, is the wife of Meyer Reznitsky. Their father, Nathan Reznitsky, prior to his death in 1960, had accumulated real estate. He sold, from time to time, parcels for cash. Prior to his death, his wife, mother of said children and an older sister, Shirley Reznitsky, had control of all funds of the father. After the death of the father, the funds were held by the mother and daughter, Shirley, in joint tenancy accounts. The mother died in October of 1972. After her death, the daughter had complete control of all funds. She then closed out the joint accounts between her and her mother, and created joint bank accounts between her and the defendants herein. She died on April 15, 1973, some six months after the death of the mother. After the death of the sister, the defendants obtained all of the funds. On November 12, 1974, the plaintiffs filed a complaint seeking to enjoin each defendant from disposing of any of the funds and asking the court to impress a constructive trust on the funds held by the defendants.

The defendants, by their answer, denied the material allegations of the complaint, and pleaded affirmatively that the plaintiffs were barred from equitable relief because they are guilty of laches.

On December 17, 1974, the court entered an order denying the plaintiffs' motion for a temporary injunction, and denied the motion of the defendants to strike the complaint. On January 20, 1975, the court entered an order denying the motion of Devon Bank (the bank where a joint account was held between Shirley and the defendants) to strike and dismiss the complaint, and entered an order with regard to discovery, requiring the parties to answer interrogatories.

On December 16, 1975, the defendants filed their motion for summary judgment.

On December 17, 1975, counsel for the plaintiffs filed a petition for

change of venue, charging the trial court with being prejudiced against him. The court denied the petition for a change of venue.

The discovery depositions revealed attorneys Gariepy and Anderson had been consulted by the plaintiffs in 1960, 1961 and 1962, relative to the assets of the father, which are the subject matter of this action. Each of the plaintiffs was advised by their attorneys that if their father died owning assets, they had a legal right to a child's intestate share.

On January 9, 1976, the court entered summary judgment in favor of the defendants and against the plaintiffs, specifically finding the plaintiffs' claim of a constructive trust was barred by laches.

■■ The plaintiffs claim the court erred in denying the petition for a change of venue.

The venue act provides:

"* * * A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case * * *." Ill. Rev. Stat. 1975, ch. 146, par. 3.

The Illinois Supreme Court in *Swanson v. Randall* (1964), 30 Ill. 2d 194, 195 N.E.2d 656, held a petition for change of venue on behalf of a defendant comes too late when it is presented after the court has denied a defendant's motion to strike the complaint. We hold a plaintiff's petition for change of venue comes too late when it is presented after the court has denied the plaintiff's motion for a temporary injunction, as such is a ruling on a substantive issue.

Since the motion of plaintiffs' counsel for a change of venue was made one year after the court denied the plaintiffs' motion for a temporary injunction, the court properly denied the plaintiffs' petition for change of venue.

The plaintiffs also claim the circuit court erred in granting the defendants' motion for summary judgment.

■■ The summary judgment section of the Civil Practice Act provides, in pertinent part:

"* * * The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Ill. Rev. Stat. 1975, ch. 110, par. 57(3).

The unopposed evidence discloses the plaintiffs knowingly and voluntarily elected to do nothing for 14 years after the death of their father until they asserted a claim that their father had, by an oral trust, directed their mother, now deceased, to distribute to his children all of his assets, unknown as to quantity or kind.

Except for the plaintiffs, every person who could competently testify to the nature and extent of their father's assets, or that plaintiffs' father did in fact charge his wife with an oral trust, is now dead.

Since the plaintiffs voluntarily and knowingly delayed asserting their claim for 14 years until death had taken every independent witness, the circuit court properly granted the defendants' motion for summary judgment on the defense of laches. See generally *Holland v. Richards* (1955), 4 Ill. 2d 570, 123 N.E.2d 731.

For the foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

ROMITI and JOHNSON, JJ., concur.