This is on bill for specific performance with abatement. The parties have entered into the following stipulation of facts:
1. On June 23d 1922, the defendants entered into a contract with the complainants for the sale of certain lands and premises in the city of Jersey City, described therein, a copy of which contract is annexed to the bill and marked Exhibit "A." A survey showing the land agreed to be conveyed is hereto annexed.
That prior to September 15th, 1922, complainants, through their attorney, notified defendants of the existence of certain alleged defects in the title of the defendants to the premises.
The title was derived through the following deeds: Vreeland to Chitty, conveying said premises, dated September 9th, 1836, recorded in book T-10 of deeds for Hudson county, page 690, the following exception is set forth in this deed:
"Excepting the use and privilege of a road twelve feet wide on the southwest side of said lot along the line of land of Mindert and John G. Van Horne, to be used by Michael Vreeland, Mindert Vreeland, John M. Vreeland and each of our heirs as a road to the back lot." *Page 474 
Deed, Chitty to Vandervoort, conveying the premises in question, dated December 14th, 1850, recorded in book 17 of deeds, page 746, contained the following:
"Subject, however, to a right of way over a part of said land to John M. Vreeland and his heirs forever."
In deed, Vandervoort to Henderson, dated May 10th, 1855, recorded in book 46 of deeds, page 99, and in which Elizabeth Chitty also joins, the following recital appears with regard to the right of way:
"Subject to a right of way over the southerly side of said tract reserved in a former deed or deeds, the house lot of said Elizabeth Chitty was conveyed to her heretofore by said Vandervoort and wife."
The premises in question were devised under the will of Henderson, who died, holding the record title thereto. The executors under the will and the heirs of Henderson made a deed, dated October 24th, 1877, to Mary G. Wood, daughter of Henderson, recorded in book 317 of deeds, page 437. Mary G. Wood died intestate.
The next deed appears by William G. Bumsted, special guardian of her children and husband, to Benjamin D. Daumont, dated December 31st, 1995, recorded in book 640, page 72. No reference is made in either of these two deeds to the right of way created by the exception in original Vreeland deed to Chitty.
Daumont conveyed the premises to Mary Ann Fay, the mother of defendants, by deed dated February 4th, 1896, and recorded in book 636, page 569, and contains the following:
"Subject, however, to any easement that may exist over, on or across said lands as reserved in deeds Vreeland to Chitty, recorded in libers T, page 690; T-12-172, book 46-92, and in deed Chitty to Vandervoort, 17, page 746, and deed Vandervoort to Henderson, 46, page 99."
Mary Ann Fay died, and the contract of sale which is the subject-matter of this suit was entered into by all of her heirs-at-law who are the defendants herein. *Page 475 
Upon notice to defendants of the claim of the complainants, the defendants gave notice to complainants that they denied that the land was subject to the said easement of a right of way, and the time for performance of the contract was extended by acquiescence of the complainants and defendants without day. Under date of October 28th, 1922, upon notice from the complainants to the defendants, the time for performance of the contract was fixed for November 14th, 1922, at eleven A.M., at the office of the attorney for the defendants, at which time the complainants appeared and made a tender of the money and mortgage provided in the contract, and the defendants tendered to the complainants a deed containing full covenants and warranty, which deed contained no reservation with respect to the right of way, and by which deed the defendants purported to convey the premises free and clear of all encumbrances. This deed the complainants refused to accept, stating as the grounds therefor that there existed over the premises the right of way referred to in the deeds above set forth. The right of way referred to is not, and was not at the time of the making of the contract, enclosed or shut off by a fence or other enclosure.
On January 12th, 1923, the complainants instituted suit against the defendants in the Hudson county circuit court to recover the deposit paid under the contract, $1,000, together with $685 damages for search fee and survey, together with interest thereon from June 23d 1922, and costs of suit.
No answer was filed by the defendants up to the date of discontinuance, although the time therefor had expired. This action was voluntarily discontinued by the complainants on March 27th, 1923, and on March 31st, 1923, the complainants filed the bill herein and subpoenas were issued under date of April 3d, and served upon the defendants.
This stipulation of facts was signed by counsel.
Fifteen thousand five hundred dollars was the purchase price agreed upon, payable $1,000 by way of deposit, $3,500 *Page 476 
on September 15th, 1922, and by making, executing and delivering a bond secured by a purchase-money mortgage upon the same in the sum of $11,000, to run for a period of two years, with interest at the rate of six per cent. per annum, payable semi-annually.
The contract provided that the premises were to be conveyed in fee-simple, free and clear of all encumbrances, and not subject to any existing encumbrances.
Prior to September 15th, 1922, the complainants, through their attorney, notified the defendants of the existence of certain alleged defects in the title to the premises. Upon receipt of this notice, defendants gave notice to the complainants that they denied the defects. The time for performance of the contract, however, was extended by acquiescence of the parties, without day.
On November 6th, 1922, the complainants notified the defendants, in writing, that they would appear at the place stated in the contract for the purpose of tendering the balance of the purchase price, together with an executed bond and mortgage in the sum of $11,000, as provided in the contract, on November 14th, 1922, at eleven-thirty A.M., adding thereto this notice:
"In the event of you being unable to cure the defects with which you are already familiar, I desire to take this opportunity of informing you that suit will be immediately instituted in the Hudson county circuit court at once for the return of the deposit money paid on said contract, together with a reasonable fee for searches, survey and disbursements."
At the time so fixed, the complainants appeared and made a tender of the balance of the purchase price agreed to be made and the mortgage agreed to be delivered. The defendants tendered to the complainant a deed containing full covenants and warranty of the premises agreed to be conveyed, free and clear of all encumbrances. The complainants refused to accept said deed, stating as the grounds therefor that there existed over the premises a right of way created in the earlier deeds in the record title. *Page 477 
On January 12th, 1923, the complainants instituted a suit against the defendants in the Hudson county circuit court for the breach of the contract by the defendants to recover the deposit paid under the contract, together with damages for search fees, and survey and interest from the date of payment, and costs of suit.
On March 27th, 1923, the action was voluntarily dismissed or discontinued by the complainants.
On March 31st, 1923, the complainants filed the bill herein for specific performance with abatement, and the defendants' contention is that the complainants, in instituting the action for the return of the deposit, abandoned the contract and virtually rescinded the same, and should not now be permitted to have specific performance decreed by this court.
It has been judicially affirmed that an election should be regarded as made whenever such an unequivocal act has taken place as to indicate to the other party that he has made a choice; but the cases can scarcely be said to bear this out as a general rule. On the other hand, it has been argued that an election by the party having a choice should not be conclusive upon him until he has done an act making it impossible for him to choose again, or making it unjust to the opposite party.
I incline to the view that as the defendants have suffered no injury by the abandonment of the law suit that the complainants have a right to file a bill for specific performance, subject to the limitations which I shall refer to hereafter.
In specific performance cases the rule is different as to whether it is the vendor or the vendee who is bringing the suit. In case the vendor is the complainant, if the defect concerns an important or essential matter, specific performance will be refused. But where the vendee is the complainant, if he entered into the contract in ignorance of the defect, he may compel conveyance of whatever the vendor has with a proportionate abatement from the price, *Page 478 
even though the defect is very considerable. If, however, the vendee knew of the defect when he made the contract, if he entered the contract with his eyes open, he has no claim to an abatement from the price, though he may, if he sees fit, accept the land with its defects and pay the full price; if he is satisfied to do that, then he may compel a conveyance of whatever the vendor is able to convey.
In this case, it is clear that the defendants had notice by reference to the chain of title. A person is bound by notice of matters recited or referred to in his chain of title; that is, in the succession of deeds or other instruments by which he traces the title back to its original source.
The complainants may have a decree for specific performance without abatement or compensation, if they so desire, otherwise they will be left to their remedy at law.