NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250039-U

NO. 4-25-0039

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 5, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ROBERT L. REWERTS SR. and ROBERT L. REWERTS JR., | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellants, | ) | Woodford County |
| v. | ) | No. 21MR36 |
| KURT R. SCHNAKE and TAMMY J. SCHNAKE, | ) ) | |
| Defendant-Appellees. | ) ) ) ) | Honorable Michael L. Stroh, Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Steigmann and Vancil concurred in the judgment.

**ORDER**

¶ 1   *Held*:   There is no genuine issue of material fact as to any of the elements of a *bona fide* purchase, and, therefore, defendants were entitled to a judgment as a matter of law that they bought their property free and clear of the disputed easement.

¶ 2   In the Woodford County circuit court, plaintiffs, Robert L. Rewerts Sr. and Robert L. Rewerts Jr., brought this action against defendants, Kurt R. Schnake and Tammy J. Schnake. Plaintiffs' complaint was made up of two counts. In count I, plaintiffs sought a declaratory judgment that an easement traversed defendants' land and that plaintiffs were entitled to construct a bridge on the easement where it went over a ditch. In count II, plaintiffs sought a permanent injunction requiring defendants to allow plaintiffs to use the claimed easement. The parties filed cross-motions for summary judgment, and the court denied plaintiffs' motion and granted defendants' motion. Plaintiffs appeal.

¶ 3   In our *de novo* review, we hold that defendants were entitled to a judgment as a

matter of law because it is clear, from the record, that the document purportedly creating the easement in question was not in defendants' direct chain of title. Consequently, defendants lacked constructive notice of the supposed easement. There appears to be no dispute that the remaining elements were fulfilled to make defendants *bona fide* purchasers of their land. Therefore, we affirm the denial of plaintiffs' motion for summary judgment and the granting of defendants' cross-motion for summary judgment.

¶ 4                                    I. BACKGROUND

¶ 5            On June 25, 1993, Samuel A. Waller and Neva J. Waller (Wallers) conveyed to Robert L. Rewerts Sr., Renee L. Rewerts, and Robert L. Rewerts Jr. (Rewertses) some land in Woodford County. The Wallers did so by a warranty deed bearing their notarized signatures, and on August 11, 1993, the deed was recorded in the Woodford County recorder's office. The land the Wallers conveyed to the Rewertses is commonly known as County Road 2400 East, Carlock, Illinois (property identification No. 19-02-100-003), and is legally described in the deed as follows:

> "The Southwest Quarter of the Northwest Quarter of Section 2, Township 25 North, Range 1 East of the Third Principal Meridian, Woodford County, Illinois, together with an easement for ingress and egress located over the existing lane and driveway located in Section 3, Township 25 North, Range 1 East described above which easement shall begin at the Southeast Corner of Section 3, said easement being of sufficient width to accommodate vehicles in order to obtain access to the real estate sold herein."

The parties refer to the land described above—*i.e.*, "[t]he Southwest Quarter of the Northwest Quarter of Section 2, Township 25 North, Range 1 East of the Third Principal Meridian,

Woodford County, Illinois"—as the "Rewerts property," and they refer to the easement described above, in the rest of the legal description, as the "undisputed easement" (because defendants do not dispute the existence and legitimacy of *that* easement).

¶ 6        On the same day, another document was recorded in Woodford County. This document was titled "Contract for Sale of Real Estate." It is a preprinted fill-in-the-blank form and appears to be the contract whereby the Rewertses agreed to buy the Rewerts property from the Wallers. The purchase price in the contract is $68,000, and the contract purports to bear the signatures of the Wallers and the Rewertses. According to the document, they signed it on September 1, 1992. Their signatures, however, are not notarized.

¶ 7        After the signature page of the "Contract for Sale of Real Estate"—a page that was stamped by the Woodford County recorder's office as "LIBER 263 PAGE 199"—there is a further page, stamped as "LIBER 263 PAGE 200." That further page, which is unsigned, is fully typed and begins with the following headings:

"WALLER—REWERTS CONTRACT

SPECIAL PROVISIONS CONTINUED

*SCHEDULE A*."

The four-page "Contract for Sale of Real Estate"—the preprinted fill-in-the-blank form that ends with the signature page—appears to contain no mention of "special provisions" or of a "schedule A." Instead of "special provisions," the "Contract for Sale of Real Estate" includes "ADDITIONAL PROVISIONS," which end with "(e) Other:" followed by a blank space—which is left blank.

¶ 8        Schedule A is made up of (e) and (f):

"(e) As additional consideration for the purchase of the real estate

described herein, the buyers shall have the option to purchase from the seller the North 75 acres of even width of the East Half of the Northeast Quarter of Section 3, Township 25 North, Range 1 East of the Third Principal Meridian for a period of five years expiring August 31, 1997. The buyers shall have the right to purchase not only the above described 75 acres, but shall have the right to purchase an additional tract of real estate at least 20 feet wide extending from the 75 acres described above to an existing dedicated roadway in order for the buyer to obtain a building permit to build a residence upon the real estate purchased.

\*\*\*

(f) In the event the buyers do not exercise the option to purchase the additional 75 acres within five years, the option shall expire. If the option expires due to the lack of exercise, the buyers shall have the right to receive an easement 20 feet in width extending from North end of the township road which is located on the boundary line between Sections 2 and 3 in Township 25 North, Range 1 East of the Third Principal Meridian thence Northward to a point which is 20 feet North of the Southwest Corner of the Southwest Quarter of the Northwest Quarter of Section 2, Township 25 North, Range 1 East of the Third Principal Meridian, Woodford County, Illinois. This 20 foot easement shall extend along the East line of Section 3 with the East line of the easement being the East line of Section 3. The easement shall expand to a wider width at the ditch in order accommodate building a bridge across the ditch which must be crossed in order to use this easement. This easement shall be for ingress and egress to the real estate sold herein and shall not be used for any commercial purposes, but may be used for

recreational and residential purposes in order to provide access to the forty acres

sold herein."

The parties refer to the easement described in section (f) of Schedule A as the "disputed

easement" because defendants dispute the existence and legitimacy of *that* easement. The

Rewertses did not exercise their option to purchase the additional 75 acres from the Wallers. The

disputed easement—which, therefore, the Rewertses purportedly "shall have the right to

receive"—would be useful to them because flooding makes the undisputed easement periodically

impassable.

¶ 9        The disputed easement, however, would traverse land that defendants bought

from the Wallers (or, more specifically, from the Wallers' company, Sam Waller Farms, LLC)

on March 1, 2010. This land that defendants acquired from the Wallers—commonly known as

443 County Road 2400 East (property identification Nos. 19-03-200-010, 19-03-200-011, 19-03-

400-010, and 19-03-400-011) (Schnake property)—is partly adjacent to and southwest of the

Rewerts property. The disputed easement would go through what is now defendants' front yard.

¶ 10                        II. ANALYSIS

¶ 11        A circuit court should grant a motion for summary judgment if "the pleadings,

depositions, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." 735 ILCS 5/2-1005(c) (West 2024). There is a genuine issue of material fact if a

material fact is in dispute or, alternatively, if reasonable minds could draw different inferences

from the undisputed material facts. *Buck v. Charletta*, 2013 IL App (1st) 122144, ¶ 56. By filing

cross-motions for summary judgment, parties signify their agreement that there are no genuine

issues of material fact and that only a question of law is raised. *Rushton v. Department of*

*Corrections*, 2019 IL 124552, ¶ 13. We do not have to agree with the parties in that respect; if the record reveals the existence of a genuine issue of material fact, we will independently find such an issue. See *Pielet v. Pielet*, 2012 IL 112064, ¶ 28.

¶ 12    In our *de novo* review (see *id.* ¶ 30), we find no genuine issue of material fact as to whether schedule A was in defendants' direct chain of title. Because schedule A indisputably was not in their direct chain of title, defendants were entitled to judgment as a matter of law. See 735 ILCS 5/2-1005(c) (West 2024). They were *bona fide* purchasers of the Schnake property.

¶ 13    As defendants rightly argue, *bona fide* purchasers of land take the land free from a claimed easement if they (1) paid valuable consideration for the land; (2) bought the land without notice, actual or constructive, of the existence of the easement; and (3) exercised good faith in buying the land. *Knobloch v. Mueler*, 123 Ill. 554, 567 (1888). The deed from the Wallers to defendants recites that the conveyance is "in consideration of Ten Dollars ($10.00) and other good and valuable consideration in hand paid." Plaintiffs do not contend that, when buying the Schnake property from the Wallers, defendants had *actual* notice of an easement created by schedule A. Nor do plaintiffs characterize defendants' purchase of the Schnake property as an act of bad faith. Instead, plaintiffs maintain that defendants had *constructive* notice of schedule A and of the easement contemplated therein because schedule A had been recorded in the Woodford County recorder's office.

¶ 14    As defendants respond, however, "[t]he law charges purchasers with notice of only those conveyances in the direct line of the title they are buying." *Capper v. Poulsen*, 321 Ill. 480, 482 (1926). The reason for that restriction on constructive notice is that

> "to require a party to examine every record that might possibly affect real estate
> before he could be protected in taking title to or a lien upon real estate would be

to place such a burden upon purchasers of real estate or incumbrances as to practically put an end to all transactions of that kind." *Rohde v. Rohn*, 232 Ill. 180, 187 (1907).

Thus, "the law charges such purchaser with notice of conveyances in the direct line of the title he is buying, and nothing more." *Id.* at 187-88. A line of title, or chain of title, the supreme court explained in *Capper*, "is the successive conveyances commencing with the patent from the government or some other source and including the conveyance of the one claiming title." *Capper*, 321 Ill. 480 at 482. In other words, the "chain of title" is "the succession of deeds or other instruments by which [someone] traces the title back to its original source." *Maturi v. Fay*, 126 A. 170, 173 (N.J. Ch. 1924).

¶ 15    The "Contract for Sale of Real Estate," along with schedule A, which plaintiffs claim is a part of that contract, is not in the succession of deeds or other instruments by which defendants trace their title back to its original source. See *id.* Defendants could not logically rely on the Wallers' conveyance of the Rewerts property to the Rewertses to establish the legitimacy of defendants' own claim of title to the Schnacke property. "An encumbrance is not deemed to be in a purchaser's direct chain of title merely because it is included in a deed to another lot conveyed by the same grantor." 66 Am. Jur. 2d *Records and Recording Laws* § 78 (2025). Assuming, for the sake of argument, that schedule A created an easement, the easement is not in defendants' direct line of title to the Schnake property just because the easement is included in a deed to another parcel, the Rewerts property, conveyed by the same grantors, the Wallers. See *id.*

¶ 16    In sum, then, we find no genuine issue of material fact as to any of the elements of a *bona fide* purchase (see *Knobloch*, 123 Ill. at 567), and we conclude that defendants were entitled, as a matter of law, to a judgment that they took the Schnake property free and clear of

the disputed easement. See 735 ILCS 5/2-1005(c) (West 2024).

¶ 17                                III. CONCLUSION

¶ 18         For the foregoing reasons, we affirm the circuit court's judgment denying

plaintiffs' motion for summary judgment and granting defendants' cross-motion for summary

judgment.

¶ 19         Affirmed.